LILLIE PHILLIPS, Adm'r of the Estate of Andrew L. Phillips, Deceased, Plaintiff-Appellant, v. RICHARD J. ELROD *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 84—1304

Opinion filed May 7, 1985.

Gregory R. Sun, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and Glenn C. Sechen, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff, appealing from the circuit court's order dismissing her complaint as untimely filed, raises as issues whether: (1) section 24 of the Limitations Act (section 24) (Ill. Rev. Stat. 1981, ch. 83, par. 24a), currently section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—217) applies to wrongful death actions; (2) the instant action is a proper refiling of an earlier action brought in State court; (3) defendants waived the defense of the statute of limitations; and (4) defendants are estopped from asserting the limitations defense.

On July 28, 1976, while incarcerated in the Cook County jail, plaintiff's decedent, Andrew Phillips, was seriously burned. He died of his injuries three days later.

The sinuous path of the litigation which followed must be set out in detail for a full understanding of the case. On July 28, 1978, plaintiff, decedent's mother, filed a three-count unverified complaint in the circuit court of Cook County seeking damages for the pain and suffering, medical and funeral expenses, and wrongful death of her son. Plaintiff voluntarily dismissed this action on May 1, 1980. Ill. Rev. Stat. 1979, ch. 110, par. 52, now Ill. Rev. Stat. 1983, ch. 110, par. 2—1009.

On October 21, 1980, plaintiff filed an unverified complaint in the United States District Court for the Northern District of Illinois, invoking jurisdiction pursuant to 42 U.S.C. sec. 1983 (1982) (section 1983), alleging that the case was being refiled under section 24 "from a prior state court action voluntarily dismissed by plaintiff on May 1, 1980," and claiming that decedent's civil rights were violated by reason of defendants' failure to properly supervise him while he was incarcerated. On April 7, 1981, plaintiff voluntarily dismissed this Federal action.

On April 30, 1981, plaintiff filed the instant unverified two-count complaint in the circuit court of Cook County seeking damages for her son's wrongful death and medical and funeral expenses. Thereafter, on May 1, 1981, plaintiff was permitted to reinstate her section 1983 case in Federal district court and was granted leave to file an amended complaint. This latest Federal action was dismissed for want of prosecution on August 27, 1981, however.

Defendants filed their answer in the instant State court action on March 4, 1982. On July 25, 1983, the circuit court dismissed the instant action for want of prosecution. Plaintiff filed a motion to vacate the dismissal on August 18, 1983. On September 30, 1983, defendants filed a motion to dismiss and a motion in opposition to vacation of the

dismissal for want of prosecution, alleging that the instant action was neither timely nor authorized by section 24. On October 6, 1983, the court vacated its order of dismissal and on November 2, 1983, it denied defendants' motion to dismiss.

Defendants filed a motion to reconsider the denial of their motion to dismiss on November 22, 1983. On February 24, 1984, defendants filed an amended answer pursuant to an agreed order, again raising the issue of timeliness and seeking dismissal as part of this amended answer. On April 23, 1984, the circuit court granted defendants' motion to reconsider and dismissed the case on limitations grounds. This appeal followed.

## I

■ Plaintiff initially contends that section 24 applies to extend the two-year period for filing a wrongful death action. (Ill. Rev. Stat. 1983, ch. 70, par. 2(c).) Under that section an action which had been voluntarily dismissed may be refiled within one year of such dismissal, notwithstanding that the original limitations period might have expired in the interim.

The limitations period in the statute creating the action for wrongful death does not merely limit defenses to the right of action, as do general statutes of limitation for common law actions, but circumscribes the right of action itself and is a condition of liability rather than of the remedy alone. (*Wilson v. Tromly* (1949), 404 Ill. 307, 310-11, 89 N.E.2d 22; *Kristan v. Belmont Community Hospital* (1977), 51 Ill. App. 3d 523, 526, 366 N.E.2d 1068.) Accordingly, a plaintiff prosecuting a purely statutory cause of action must allege facts showing that it was brought within the time prescribed. *Demchuk v. Duplancich* (1982), 92 Ill. 2d 1, 6-7, 440 N.E.2d 112.

In *Kristan v. Belmont Community Hospital* (1977), 51 Ill. App. 3d 523, 366 N.E.2d 1068, the precise issue raised here was considered. While recognizing that the time fixed for filing a wrongful death action is a condition precedent of the right to sue rather than a pure statute of limitations, the appellate court there held that section 24 operated to extend the time for refiling an action where plaintiff fulfilled the condition precedent by filing the original action within two years. (*Kristan v. Belmont Community Hospital* (1977), 51 Ill. App. 3d 523, 526-27. See also *People ex rel. L'Minggio v. Parker* (1978), 65 Ill. App. 3d 296, 382 N.E.2d 613.) Here, too, because plaintiff filed her original complaint within two years of the accrual of the wrongful death cause of action, she was entitled to rely on section 24. Her action was properly dismissed, however, for other reasons which will

be presently set forth.

## II

■ Plaintiff next asserts that the instant case represents a proper refiling of her prior action, even though she filed a section 1983 action in Federal court in the interim. Defendants insist that the Federal action precludes her right to maintain the instant action. Section 24, where applicable, does provide plaintiff an absolute right to refile; it does not authorize successive refilings of the same action, however, but permits only a single refiling within a year of dismissal. (See *Smith v. Chicago Transit Authority* (1978), 67 Ill. App. 3d 385, 387-88, 385 N.E.2d 62, *appeal denied* (1979), 75 Ill. 2d 594; *LaBarge, Inc. v. Corn Belt Bank* (1981), 101 Ill. App. 3d 741, 745, 428 N.E.2d 711, *appeal denied* (1982), 91 Ill. 2d 553.) Defendants contend that plaintiff's Federal action constituted the single refiling permitted by section 24.

Plaintiff's Federal complaint alleged that "[t]his action is refiled from a prior state court action voluntarily dismissed by plaintiff on May 1, 1980, pursuant to chapter 83 Illinois Revised Statutes, par. 24a." Plaintiff, however, argues that it was unnecessary for her to plead section 24 in that the Federal action was timely brought within the five-year-statute of limitations applicable to section 1983 actions; her Federal action, moreover, involved a totally different cause of action than that asserted in her State complaint. Both of these arguments must be rejected.

First, it is questionable as to whether the Federal court would have applied the five-year limitation for "all civil actions not otherwise provided for" (Ill. Rev. Stat. 1981, ch. 83, par. 16, now Ill. Rev. Stat. 1983, ch. 110, par. 13—205) to plaintiff's section 1983 action, or the two-year limitations period applicable to wrongful death actions. Section 1983 does not itself provide a statute of limitations; therefore, such actions are governed by the most nearly parallel statute of limitations of the forum State. (*Board of Regents v. Tomanio* (1980), 446 U.S. 478, 483-84, 64 L. Ed. 2d 440, 447, 100 S. Ct. 1790, 1794-95.) In *Beard v. Robinson* (7th Cir. 1977), 563 F.2d 331, a case brought under the Illinois survival of actions statute, the United States Court of Appeals held that the State's catchall five-year limitation applied to all Federal civil rights actions, regardless of the underlying analogous State cause of action. Yet, more recently, a Federal district court applied the two-year wrongful death limitation and distinguished *Beard v. Robinson* (7th Cir. 1977), 563 F.2d 331, reasoning that a longer period would frustrate Illinois law which holds that the limitations period

is a condition of a plaintiff's right to sue for wrongful death. (*Gates v. Montalbano* (N.D. Ill. 1982), 550 F. Supp. 81.) Plaintiff's pleading of section 24 here was thus more than mere surplusage, but was a hedge against the Federal court's application of the two-year limitation. Plaintiff is bound by her tactical decision.

Second, plaintiff's State and Federal claims, premised upon the identical core of operative facts, constitute the same cause of action for purposes of *res judicata* and the applicability of section 24. (See *Morris v. Union Oil Co.* (1981), 96 Ill. App. 3d 148, 157, 421 N.E.2d 278, *appeal denied* (1981), 85 Ill. 2d 567. See also *Lee v. City of Peoria* (7th Cir. 1982), 685 F.2d 196, 200; *Keim v. Kalbfleisch* (1978), 57 Ill. App. 3d 621, 624, 373 N.E.2d 565.) Indeed, plaintiff could have litigated her State claims in Federal court by invoking that court's pendent jurisdiction. (See *United Mine Workers of America v. Gibbs* (1966), 383 U.S. 715, 16 L. Ed. 2d 218, 86 S. Ct. 1130.) The circuit court thus did not err by dismissing the instant action on limitations grounds.

III

Plaintiff insists that defendants waived the defense of the statute of limitations. Waiver, the purposeful relinquishment of a known right, can arise either expressly or by conduct inconsistent with an intent to enforce that right. (See *Pantle v. Industrial Com.* (1975), 61 Ill. 2d 365, 372, 335 N.E.2d 491; *Harris v. Faultfinders, Inc.* (1981), 103 Ill. App. 3d 785, 791, 431 N.E.2d 1205.) Plaintiff urges that defendants' lengthy delay in asserting this defense—29 months after the instant action was refiled—constituted waiver.

The bar interposed by an ordinary statute of limitations is a procedural issue which can be waived; however, the special limitations period created by a statutory cause of action, such as wrongful death, cannot be waived because it is a condition of the right to sue itself. (See *Muscare v. Voltz* (1982), 107 Ill. App. 3d 841, 843, 438 N.E.2d 620, *appeal denied* (1982), 92 Ill. 2d 568; *Wood Acceptance Co. v. King* (1974), 18 Ill. App. 3d 149, 150-51, 309 N.E.2d 403.) Further, plaintiff alleged in her complaint that the action was "timely refiled" pursuant to section 24. As defendants correctly observe, this allegation was never admitted by their answer and therefore was always at issue.

IV

The final argument raised by plaintiff is that defendants are estopped from using the statute-of-limitations defense because their conduct induced plaintiff to abandon her Federal case. Equitable

estoppel arises through a party's voluntary conduct whereby he is precluded from asserting his rights against another who in good faith relied on such conduct and was thereby led to change his position to his detriment. *Slavis v. Slavis* (1973), 12 Ill. App. 3d 467, 473, 299 N.E.2d 413.

Plaintiff contends that, when the instant action was filed on April 30, 1981, the five-year statute of limitations, purportedly applicable to her Federal claim, was still unexpired. Defendants' withdrawal of their motion for summary judgment, based on the pendency of the Federal action, allegedly was conditioned on the dismissal of the Federal action. By withdrawing this motion, defendants induced plaintiff to abandon her Federal case and asserted the statute of limitations defense only *after* the five-year limitations period had lapsed. The record on appeal is to the contrary.

Plaintiff did in fact refile her Federal action on May 1, 1981, but permitted it to be dismissed for want of prosecution on August 27, 1981. Defendants did not even file their motion for summary judgment in the instant action until two months later, October 29, 1981. It was withdrawn by defendants five months later on January 25, 1982. Therefore, defendants' motion, not having been filed until over two months after the Federal action had been dismissed for want of prosecution, could not be held to have induced plaintiff to dismiss an action which already had been dismissed. Plaintiff's argument therefore is rejected.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

STAMOS, P.J., and PERLIN, J., concur.