BERNARD GENDEK, Plaintiff-Appellant, v. JEHANGIR M. JEHANGIR, Defendant-Appellee.

Second District   No. 85—0936

Opinion filed February 3, 1987.

WOODWARD, J., dissenting.

Edward L. Osowski and Isadore M. Bernstein, both of Chicago, for appellant.

Timothy J. Ashe, Rudolf G. Schade, and Joseph A. Ginnelli, all of Cassiday, Schade & Gloor, of Chicago, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Bernard Gendek, appeals from the October 17, 1985, order dismissing pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619) his complaint for medical malpractice against defendant, Jehangir M. Jehangir, M.D.

On October 29, 1984, plaintiff filed a complaint in the circuit court of Du Page County against defendant alleging that on December 21, 1981, plaintiff came under defendant's care in the emergency room of St. Margaret's Hospital in Hammond, Indiana, where defendant improperly diagnosed and unskillfully treated an injury. As a result, plaintiff was required to obtain additional medical attention to alleviate the condition caused by the careless and negligent treatment of defendant. He also alleged that the action was a refiling "pursuant to Chapter 83, Section 24(a) of the Illinois Revised Statutes" (now recodified as section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—217)) because the same cause was previously filed in the United States district court located "in the Northern District of Indiana" on December 13, 1983, but voluntarily dismissed without prejudice on February 22, 1984. Plaintiff further alleged that the same cause had been refiled previously pursuant "to Chapter 83, Section 24(a) of the Illinois Revised Statutes" on March 9, 1984, in the United States District Court for the Northern District of Illinois, but that he was given leave to voluntarily dismiss that complaint without prejudice upon learning that defendant was a resident of Illinois when the case was refiled. The initial refiling in the Federal court in Illinois was based upon diversity of citizenship.

Defendant moved to dismiss the complaint pursuant to section 2—619 asserting that plaintiff was barred from bringing the action as the second voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a) (28 U.S.C. Rule 41(a) (1982)) operated as an adjudication of the merits effectively precluding the filing of this complaint based upon the doctrine of *res judicata*, that plaintiff was barred from bringing the action pursuant to section 13—217 (Ill. Rev. Stat. 1985, ch. 110, par. 13—217) as this section, which allows a plaintiff who voluntarily dismisses a timely filed complaint after the statute of limitations has expired to refile his action in an Illinois court within one year, permits only one refiling, and that plaintiff was barred from bringing this action as the matter is controlled by Indi-

ana substantive law which was not complied with by plaintiff prior to filing this action thereby prohibiting plaintiff from pursuing this action. Attached to a memorandum in support of defendant's motion to dismiss was a copy of the complaint filed in the Federal district court in Indiana, a copy of the dismissal order from the Indiana district court, a copy of the complaint filed in Federal district court in Illinois, a copy of plaintiff's motion to voluntarily dismiss the cause in Illinois for lack of subject matter jurisdiction pursuant to Rule 12(h) (28 U.S.C. Rule 12(h) (1982)) as it was discovered that defendant was a resident of Illinois, and a copy of the minute order dismissing the second complaint.

After considering the written and oral arguments of the parties, the trial court dismissed with prejudice plaintiff's complaint pursuant to section 2—619. In a letter of opinion, the trial judge stated that the reasons for ruling in favor of defendant were based on the first two arguments presented in defendant's motion to dismiss and that it was unnecessary to rule on the third argument.

On appeal, plaintiff contends that neither of the reasons on which the trial court based its dismissal were proper. As we hereinafter determine that plaintiff does not have the right to refile this action pursuant to section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—217), we need not discuss defendant's alternative contention that the two dismissals in Federal court operated as an adjudication on the merits effectively barring this refiling under the doctrine of *res judicata*.

Section 13—217 provides:

"In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of

prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction." (Ill. Rev. Stat. 1985, ch.110, par. 13—217.)

This section provides plaintiffs with the absolute right to refile their complaint within one year for the reasons specified therein. (See *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 305, 472 N.E.2d 787.) The purpose of section 13—217 (and its predecessor, section 24 of the Limitations Act (Ill. Rev. Stat. 1981, ch. 83, par. 24a)) is to facilitate the disposition of litigation upon the merits and to avoid its frustration upon grounds that are unrelated to the merits. (*Roth v. Northern Assurance Co. Ltd.* (1964), 32 Ill. 2d 40, 48, 203 N.E.2d 415.) Its provisions are to be liberally construed to achieve its remedial purpose. *Keilholz v. Chicago & North Western Ry. Co.* (1973), 10 Ill. App. 3d 1087, 1092, 295 N.E.2d 561, *rev'd on other grounds* (1974), 59 Ill. 2d 34, 319 N.E.2d 46.

In *Smith v. Chicago Transit Authority* (1978), 67 Ill. App. 3d 385, 385 N.E.2d 62, it was determined that the provision permits the filing of only one action after the original action has been dismissed and does not allow the filing of multiple new actions within one year after the original action has been dismissed. In *Smith,* the original suit as well as a second action were dismissed for want of prosecution. The third suit was dismissed by the trial court. All the suits were filed in the circuit court of Cook County and were based upon the same incident. The appellate court found that the provision was a saving clause which acted as a limited extension to prevent injustice, but did not warrant an extra addition to the one-year extension period fixed by statute. (67 Ill. App. 3d 385, 388, 385 N.E.2d 62.) Subsequent appellate court decisions have agreed with the result in *Smith.* See, *e.g., Phillips v. Elrod* (1985), 135 Ill. App. 3d 70,73, 478 N.E.2d 1078; *LaBarge, Inc. v. Corn Belt Bank* (1981), 101 Ill. App. 3d 741, 745, 428 N.E.2d 711; see also *Harrison v. Woyahn* (7th Cir. 1958), 261 F.2d 412, 413.

In *Phillips v. Elrod* (1985), 135 Ill. App. 3d 70, 478 N.E.2d 1078, a case quite similar to the case at bar, the appellate court also held that section 24a (now section 13—217) does not authorize successive refilings of the same action, but permits only a single refiling within a year of dismissal. In *Phillips,* plaintiff's original suit in the circuit court of Cook County was voluntarily dismissed and a second suit premised on the same facts was filed in the United States District Court for the Northern District of Illinois. While the suit in the Federal district court was later voluntarily dismissed, the plaintiff was permitted to reinstate the Federal suit which was again dis-

missed, this time for want of prosecution. A third suit was filed in the circuit court of Cook County which was eventually dismissed on limitations grounds.

Plaintiff presents two arguments to avoid the decisive effect of the holdings of these decisions against him. First, he contends that as the refiling of his suit in the United States District Court for the Northern District of Illinois was dismissed for lack of jurisdiction, the Federal court never obtained jurisdiction in the refiled case and that this filing should be considered a nullity. Thus, he maintains that the later refiling in the circuit court of Du Page County constitutes the first refiling after the original voluntary dismissal in the Indiana Federal district court.

This contention is without merit. Section 13—217 specifically states that, among other reasons, if the action is dismissed by a United States district court for lack of jurisdiction, a new action may be commenced within one year. (Ill. Rev. Stat. 1985, ch. 110, par. 13—217.) The statute clearly recognizes that the extended limitations period applies to a Federal court dismissal for want of jurisdiction. (See *Conner v. Copley Press, Inc.* (1984), 99 Ill. 2d 382, 385-86, 459 N.E.2d 955.) It can hardly be contended that the filing in Federal court under these circumstances is a nullity when our statute explicitly refers to a dismissal in Federal court for want of jurisdiction.

Second, plaintiff argues that even if we conclude that the refiling of the suit in the Federal court in Illinois constituted a filed action, we either should adopt a policy that the successive-dismissal rule will not apply when the first dismissal is by stipulation, citing *Poloron Products, Inc. v. Lybrand Ross Brothers & Montgomery* (2d Cir. 1976), 534 F.2d 1012, or should interpret the Illinois cases prohibiting the successive refilings as only applying to situations where there is a "harassing" renewal of litigation. The former contention, based on the *Poloron Products* decision, can be summarily dismissed as it involves a Federal statute dissimilar to section 13—217. See 534 F.2d 1012, 1015-18.

Plaintiff also urges this court not to "blindly" accept those Illinois decisions which hold that a second refiling is prohibited. He argues that as the successive refilings here are not a "harassing" renewal of litigation and that as the nature of the statute is remedial, the technicality here should not defeat a cause of action in the absence of strong equitable grounds. We do not conclude, however, that the prior Illinois Appellate Court decisions cited above were premised on an examination of the "good faith" of the plaintiff in

refiling the lawsuits. Instead, the decisions are based on the interpretation of the language in section 13—217 which has been held not to authorize successive refilings of the same action. (*Phillips v. Elrod* (1985), 135 Ill. App. 3d 70, 73, 478 N.E.2d 1078; *Smith v. Chicago Transit Authority* (1978), 67 Ill. App. 3d 385, 387, 385 N.E.2d 62.) *Phillips v. Elrod* (1985), 135 Ill. App. 3d 70, 478 N.E.2d 1078, is not distinguishable from this case and is controlling precedent for our decision. Were we to add the factor of a plaintiff's lack of harassment in determining whether successive refilings are proper, we would be writing language into section 13—217 that is not contained therein and making analysis of the issue of refiling more subjective and difficult to determine in each case.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

UNVERZAGT J., concurs.

JUSTICE WOODWARD, dissenting:

I respectfully dissent. This case involves an interpretation of section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—217) (formerly section 24 of the Limitations Act (Ill. Rev. Stat. 1981, ch. 83, par. 24a). The pertinent portion of said statute (hereinafter referred to as the statute) as applied to this case provides as follows:

> "In the actions specified in Article XIII of this Act *** where the time for commencing an action is limited, if *** the action is voluntarily dismissed by the plaintiff, *** then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, *** after the action is voluntarily dismissed by the plaintiff ***." (Ill. Rev. Stat. 1985, ch. 110, par. 13—217.)

The factual chronology of this case is as follows:

| Date | Explanation |
|---|---|
| 12/31/83 | First suit filed by plaintiff in Indiana Federal court. |
| 2/22/84 | First suit voluntarily dismissed without prejudice. |

| | |
|---|---|
| 3/9/84 | Second suit filed by the plaintiff in Illinois Federal court. |
| 4/13/84 | Second suit voluntarily dismissed without prejudice. |
| 10/29/84 | Third suit filed by plaintiff in Du Page County circuit court. |

As set forth above, plaintiff filed both the second and third suits during the one-year period after the dismissal of the first suit.

The majority has interpreted the phrase in the statute "commence a new action within one year" to permit *only one or a single action* to be filed within one year after the date of dismissal of the first suit; the authority cited for this construction is based on *Phillips v. Elrod* (1985), 135 Ill. App. 3d 70, 478 N.E.2d 1078; *LaBarge, Inc. v. Corn Belt Bank* (1981), 101 Ill. App. 3d 741, 428 N.E.2d 711; *Smith v. Chicago Transit Authority* (1978), 67 Ill. App. 3d 385, 385 N.E.2d 62. See also *Harrison v. Woyahn* (7th Cir. 1958) 261 F.2d 412, 413.

The factual chronology in *Smith v. Chicago Transit Authority* (1978), 67 Ill. App. 3d 385, is as follows:

| Date | Explanation |
|---|---|
| 5/5/70 | Suit filed for personal injury. |
| 1/11/73 | First suit dismissed for want of prosecution. |
| 10/2/73 | Second suit filed pursuant to section 24. |
| 9/3/76 | Second suit dismissed for want of prosecution. |
| 6/21/77 | Third suit filed; dismissed by trial court and affirmed on appeal. |

It is apparent from the facts of the *Smith* case that the third suit was *not filed within one year* from the date of dismissal of the first suit. This is an important difference that distinguishes the case now before the court for the reason that both the second and third suits were filed within one year of the dismissal of the first case. By reason of this factual distinction, the *Smith* case does not support the trial court's dismissal of the case presently before this court.

The second Illinois case cited by the majority is *LaBarge, Inc. v.*

*Corn Belt Bank* (1981), 101 Ill. App. 3d 741, 745, 428 N.E.2d 711, which states that the statute as interpreted by *Smith* precludes the possibility of a plaintiff endlessly refiling new cases against the defendant in successive one-year periods. *LaBarge* did not involve a third suit and for that reason the above statement is *dicta*.

*Phillips v. Elrod* (1985), 135 Ill. App. 3d 70, 478 N.E.2d 1078, is the principal case relied on by the majority, and it does hold that the statute "permits only a single refiling within a year of dismissal." However, neither the *Smith* case nor *LaBarge* cited in support of *Phillips v. Elrod* factually involved a second and third suit both being filed within one year of dismissal of the first case.

The majority also cites the case of *Harrison v. Woyahn* (7th Cir. 1958), 261 F.2d 412, 413, which is not factually the same as the case under consideration for the reason that the second suit was started within one year of the dismissal of the first suit; however, the third suit was *not* started until more than two years had elapsed after the dismissal of the first suit.

The narrow issue in this case is whether or not the statute permits the plaintiff to file *more than one action within one year after the original action has been dismissed.* The majority interpretation of the phrase "commence a new action within one year" construes the statute to permit *only one or a single new action* within one year after the date of dismissal of the first suit. Certainly, the statute does not permit the endless refiling of the same lawsuit "within tidy yearly units of time" as stated in *Smith, LaBarge,* and *Phillips,* but the statute itself does not explicitly limit a party to one filing within the one year period specified.

The majority opinion cites *Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40, 203 N.E.2d 415; in that case, Justice Schaefer quoted the following language from *Sachs v. Ohio National Insurance Co.* (7th Cir. 1942), 131 F.2d 134, 137, relative to the purpose of the predecessor of the statute here in question:

> " 'The act is remedial, reflecting a legislative intent to protect the party who brings the action in good faith from complete loss of relief on the merits merely because of procedural defect. Such remedial statutes should be liberally construed, so as to prevent destruction of the purpose of the legislation. \*\*\* In both common law nonsuit and dismissal for want of jurisdiction the order is due to some defect in the procedure of proof which prevents a trial on the merits. The obvious purpose of the statute was to give a plaintiff an opportunity to try the merits \*\*\*.' " 32 Ill. 2d 40, 42, 203 N.E.2d 415.

The *Roth* case further discusses the purpose of limitation statutes, namely, to afford a defendant a fair opportunity to investigate the circumstances upon which liability against him is predicated while the facts are accessible; however, the purpose of the statute of limitations is no longer applicable here since the defendant had notice at the time the first suit was started that the plaintiff was endeavoring to enforce a claim, and by reason of this fact, a liberal construction should be applied in construing this remedial statute. In conclusion, it is noted that the court in *Smith v. Chicago Transit Authority* (1978), 67 Ill. App. 3d 385, 385 N.E.2d 62, concluded its opinion in the following language:

> "[T]he real nature of section 24 is that it is a saving clause to prevent the bar which otherwise would be applicable. It thus acts as a limited extension to prevent injustice; it should not be permitted to become a harassing renewal of litigation. The statute should be liberally construed, but a liberal construction does not warrant an addition to the period fixed by statute." 67 Ill. App. 3d 385, 388, 385 N.E.2d 62.

A ruling favorable to the plaintiff in this case would not result in an *addition* to the period fixed by the statute; there is every reason to believe that the *Smith* court would have permitted the plaintiff here to maintain his lawsuit since it was filed within the one-year period described in the statute.

In line with the foregoing, the doors to the courthouse should not be closed to the plaintiff since both suits that the plaintiff instituted after the first suit were dismissed voluntarily by the plaintiff. The second suit was dismissed for good reason, inasmuch as plaintiff had learned that the defendant was an Illinois resident, and there was, therefore, no diversity of citizenship. The remedial and saving philosophy of this statute should be carried forward to give plaintiff a trial on the merits.

I would reverse the decision of the trial court in this case and remand the case for further proceedings.