BARBARA BAILEY *et al.*, Plaintiffs-Appellants, v. D. J. PETROFF, Defendant-Appellee.

Fifth District No. 5—87—0317

Opinion filed June 21, 1988.

Marc S. Wallis, of Newman & Bronson, of St. Louis, Missouri, for appellants.

Freeark, Harvey, Mendillo & Dennis, of Belleville (Ray H. Freeark, Jr., and Jeffrey A. Cain, of counsel), for appellee.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

Plaintiffs Barbara Bailey and David Bailey, Sr., appeal from a judgment of the circuit court of Madison County which dismissed with prejudice their individual claims for medical malpractice against defendant, Dr. D. J. Petroff. Those claims, set forth in counts I and III of plaintiffs' second amended complaint, were dismissed by the court on the grounds that they were not commenced within the time limited by law. On this appeal, plaintiffs contend that the circuit court's judgment should be reversed and the cause remanded because their claims were timely under section 2—616(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(b)). In the alternative, they argue that the circuit court's judgment should be set aside because defendant waived his right to assert a statute of limitations defense. For the reasons which follow, we affirm.

In order to properly analyze plaintiffs' appeal, a brief review of the history of the pleadings is necessary. The case commenced on February 19, 1985, when Barbara Bailey, as "mother and next friend of David Bailey, a minor" filed a three-count complaint for damages against Dr. Petroff and Merrill Dow Pharmaceuticals, Inc. Count I of that complaint, directed against Dr. Petroff, alleged that Petroff had treated Barbara during her pregnancy and provided prenatal care for David. Barbara gave birth to David on January 25, 1983, and David was subsequently discovered to be suffering from serious birth defects. According to the complaint, these birth defects were caused by the medical malpractice of Dr. Petroff. Specifically, the complaint alleged that Dr. Petroff had failed to exercise the care and skill required of him under the circumstances in that he did one or more of the following:

"(a) Negligently and carelessly gave plaintiff, Barbara Bailey, a prescription for the drug Bendectin when defendant knew or should have known of its ability to cause birth defects;

(b) Negligently and carelessly failed to keep informed of the

medical literature concerning adverse effects of Bendectin when prescribed for pregnancy;

(c) Failed to recommend the proper dosage of Bendectin for the plaintiff, Barbara Bailey."

Counts II and III of the complaint were directed against Merrill Dow Pharmaceuticals, Inc. They alleged causes of action based, respectively, on products liability and negligence arising from Merrill Dow's manufacture, distribution, and sale of Bendectin. Both counts were subsequently dismissed voluntarily and without prejudice on a motion filed by plaintiff pursuant to section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009).

Dr. Petroff filed an answer to the complaint on March 22, 1985. Nearly one year later, following the voluntary dismissal of Merrill Dow from the case, plaintiff moved for leave to file an amended complaint. Leave was granted by the court without objection, and on March 5, 1986, the first amended complaint was filed. That complaint also contained three counts, but Merrill Dow was no longer named as a party. The sole defendant was Dr. Petroff. Once again, Petroff was alleged to have committed malpractice. The basis for that malpractice, however, changed significantly. All references to his prescription of the drug Bendectin to Barbara Bailey were omitted. Instead, it was now alleged:

"(a) Defendant negligently and carelessly failed to inform the plaintiff that the complications of her pregnancy were not normal;

(b) Defendant negligently and carelessly failed to inform the plaintiff of the availability of diagnostic tests to detect abnormalities of fetuses;

(c) Defendant negligently and carelessly failed to prescribe necessary diagnostic tests to determine whether the fetus was normal;

(d) Defendant negligently and carelessly assured the plaintiff that her pregnancy was proceeding normally, when there was reason to believe that it was not."

According to the complaint, Barbara Bailey and David Bailey, Sr., allowed Barbara Bailey's pregnancy to continue to term and she gave birth to David Bailey, Jr., a "genetically defective child," as a direct and proximate result of one or more of the foregoing acts or omissions by Petroff.

These allegations were incorporated into each of the first amended complaint's three counts. Count I was brought on behalf of Barbara Bailey and her husband, David Bailey, Sr., and sought recov-

ery for lost wages and extraordinary expenses suffered by them as a result of having to raise and care for a "severely handicapped child." Count II was brought by Barbara Bailey as "Mother and Next Friend of David Bailey, Jr., a minor," and requested damages for David Jr.'s extraordinary living and medical expenses. Count III was brought by Barbara Bailey in her individual capacity and sought damages for the emotional distress and attendant physical ailments, such as "digestive disorders, shortness of breath" and "fatigue," which she allegedly has sustained and will sustain in the future as a result of "the stresses of rearing a severely handicapped child."

On April 28, 1986, Dr. Petroff filed an answer to plaintiffs' first amended complaint. At the same time, he filed a "Motion to Strike or Dismiss" in which he took issue with several pleading defects in that complaint. His motion was granted by the circuit court, but plaintiffs were given leave to amend their complaint again to cure the deficiencies in it. Plaintiffs took advantage of this opportunity, and on June 9, 1986, they filed their second amended complaint. Aside from certain allegations not relevant here, the second amended complaint was the same as the first amended complaint. No change was made in the parties, the nature of the damages claimed to have been sustained, or in the allegations of negligence made against Dr. Petroff. As he had with the previous pleading, Dr. Petroff moved to strike or dismiss certain sections of the second amended complaint as being improperly pleaded. This motion, however, was apparently never pursued. On July 11, 1986, Dr. Petroff filed his answer to the second amended complaint.

In the months which followed, plaintiffs' attorneys withdrew from the case and were replaced by a new set of lawyers. Thereafter, on February 27, Dr. Petroff moved for a leave to withdraw his answer to the second amended complaint and to file a motion to dismiss that complaint. Leave was granted, and defendant filed his motion to dismiss on March 30, 1987.

In that motion, defendant argued that counts I and III should be dismissed pursuant to section 2—619(a)(5) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(5)) because those counts asserted new claims by new parties not mentioned in the original complaint and were not brought until more than two years after the occurrence upon which they were based. Accordingly, defendant argued that they were barred by the applicable statute of limitations, which is two years. (See Ill. Rev. Stat. 1987, ch. 110, par. 13—202.) As grounds for dismissal of count II, which sought recovery of damages on behalf of the minor child, David Jr., defendant asserted that

the count was not brought by the proper party, arguing that any cause of action to recover for medical expenses incurred by a minor belongs to the parent, rather than the child. (See *Reimers v. Honda Motor Co.* (1986), 150 Ill. App. 3d 840, 502 N.E.2d 428.) In addition, defendant argued that all three counts should be dismissed because the second amended complaint was not filed until after August 15, 1985, the effective date of section 2—622 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—622), but did not include the affidavit and written report of a health care professional required by that statute.

Following a hearing, defendant's motion was granted. In an order entered on April 3, 1987, the circuit court ruled that the second amended complaint asserted "a new and different cause of action from the original complaint." In the court's view, counts I and III of the second amended complaint were barred by the statute of limitations, while count II had to be dismissed for failure to comply with section 2—622 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—622). Accordingly, the entire second amended complaint was dismissed.

Plaintiffs subsequently moved for reconsideration of the dismissal order and for leave to file a third amended complaint. Leave to file a new complaint was denied. The court also refused to formally reconsider its dismissal order, but it did grant plaintiffs' oral motion to voluntarily dismiss count II of the second amended complaint without prejudice.

With the voluntary dismissal of count II, that portion of the case terminated. (See *Swisher v. Duffy* (1987), 117 Ill. 2d 376, 379, 512 N.E.2d 1207, 1210.) There is no dispute that when the remaining two counts were dismissed based on the statute of limitations, the dismissals were with prejudice, and those portions of the case likewise terminated. Accordingly, the circuit court correctly recognized that its dismissal order constituted a final judgment. This appeal followed.

On their appeal, plaintiffs argue that the circuit court erred in dismissing counts I and III of the second amended complaint as being untimely. While plaintiffs do not dispute that the pleading was filed after expiration of the limitations period, they argue that the claims asserted therein "relate back" to the original complaint, which was filed before the limitations period ran out. In support of this argument, plaintiffs rely on section 2—616(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(b)), which provides:

> "The cause of action, cross claim or defense set up in any amended pleading shall not be barred by lapse of time under

any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted, or the defense or cross claim interposed in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted, if the condition precedent has in fact been performed, and for the purpose of preserving the cause of action, cross claim or defense set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended."

■ Under this statute, an amended pleading will not be deemed to relate back to the original pleading so as to avoid the impact of the statute of limitations unless the original and amended pleadings indicate that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading. (*Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 271, 489 N.E.2d 1342, 1344.) An amended complaint is deemed to relate back to the original pleading when the original pleading provides the defendant with all the information necessary to prepare his defense to the subsequently asserted claim. (*Weidner v. Carle Foundation Hospital* (1987), 159 Ill. App. 3d 710, 712, 512 N.E.2d 824, 825.) The rationale for this rule is that a defendant will not be prejudiced so long as his attention has been directed to the facts which form the basis of the claim lodged against him within the prescribed time. *Perkins v. Pepsi-Cola General Bottlers, Inc.* (1987), 158 Ill. App. 3d 893, 900, 511 N.E.2d 901, 906.

■ Plaintiffs argue that counts I and III of the second amended complaint involve the same transaction or occurrence as the original complaint because, like the original complaint, they allege medical malpractice by Dr. Petroff in the treatment of Barbara Bailey and the prenatal care of David Jr. Such a view, however, oversimplifies the situation. While defendant's medical malpractice is an issue in each version of the complaint, the nature and incidents of that malpractice are quite different. As our previous discussion has indicated, the negligence charged in the original complaint related to defendant's prescription of the drug Bendectin to Barbara Bailey, and the complaint

alleged that this negligence actually caused David Jr.'s birth defects. By contrast, counts I and III of the second amended complaint make no suggestion that anything defendant did contributed to the defects from which David Jr. was found to suffer at birth, and all references to Bendectin have been abandoned.

The gravamen of the second amended complaint is simply that defendant negligently and carelessly failed to diagnose David Jr.'s genetic disorder and to notify his parents, Barbara Bailey and David Bailey, Sr., of the complications so that they would have an opportunity to terminate the pregnancy. Obviously, this is not a situation where the two versions of the complaint merely set forth different theories of liability (cf. *Whitney v. City of Chicago* (1987), 155 Ill. App. 3d 714, 719, 508 N.E.2d 293, 297), and we fail to see how the original complaint can be said to have adequately informed defendant of the facts necessary to investigate the claim which was ultimately asserted against him in the second amended complaint. Accordingly, we agree with defendant that the second amended complaint did not "relate back" to the original complaint. The trial court's determination that counts I and III of the second amended complaint were untimely is therefore correct.

Defendant also argues that section 2—616(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(b)) cannot be invoked to save counts I and III of the second amended complaint from the bar of the statute of limitations because those counts involved claims brought by the parents in their own behalf, whereas the original complaint asked for damages only on behalf of David Jr. Plaintiffs take exception to this characterization of the original complaint. In light of our conclusion that the complaints differ in other fundamental respects so as to prevent "relation back," however, we need not address this issue.

 Plaintiffs next assert that the circuit court erred in dismissing counts I and III of the second amended complaint because defendant waived his right to assert a statute of limitations defense when he failed to object to the filing of plaintiffs' first or second amended complaints and filed answers to those amended complaints prior to raising his statute of limitations defense. As plaintiffs point out, their claims were governed by an ordinary statute of limitations period. This is not a case involving a special limitations period created by a statutory cause of action. (Cf. *Phillips v. Elrod* (1985), 135 Ill. App. 3d 70, 74, 478 N.E.2d 1078, 1082.) There is no dispute that the bar interposed by an ordinary statute of limitations is a procedural issue which can be waived. We note moreover that waiver, the "purposeful relinquish-

ment of a known right," can arise either expressly or by conduct inconsistent with an intent to enforce that right. 135 Ill. App. 3d at 74, 478 N.E.2d at 1082.

In this case, however, no such "purposeful relinquishment of a known right" is evident from the record. Defendant certainly gave no express indication at any time that he did not intend to enforce a statute of limitations defense, and no such intention can be inferred from his decision to file answers to the first and second amended complaints or in moving to dismiss certain paragraphs from those complaints based on deficiencies in pleading prior to raising the statute of limitations defense by a motion filed under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). See *McGinnis v. A. R. Abrams, Inc.* (1986), 141 Ill. App. 3d 417, 420, 490 N.E.2d 115, 117; see also *Outlaw v. O'Leary* (1987), 161 Ill. App. 3d 218, 220, 514 N.E.2d 208, 210 (filing an answer does not preclude later filing a section 2—619 motion to dismiss).

Although it is true that defendant did not object to the filing of either the first or second amended complaints, the record also discloses that when leave was sought to file those complaints, defendant had not yet been able to take the depositions of Barbara Bailey and David Bailey, Sr., neither of whom had been expressly named as parties in their individual capacities in the original complaint. The factual basis of the claims asserted by these plaintiffs and the substantive as well as procedural defenses which might be available to their claims were therefore not fully known to defendant at that time. Defendant's attorney was in fact unable to take the depositions of Barbara Bailey and David Bailey, Sr., until January 29, 1987, and then only after obtaining an order by the court requiring plaintiffs to give their deposition "on penalty of dismissal." Defendant's motion for leave to withdraw his answer to plaintiffs' second amended complaint and to file a motion to dismiss that complaint based, *inter alia*, on the statute of limitations was filed on February 27, 1987, less than one month later. Under these circumstances, we do not believe that waiver of the statute of limitations defense can be inferred from defendant's conduct.

■■ Finally, plaintiffs argue that the circuit court erred in holding that counts I, II, and III should be dismissed pursuant to section 2—622 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—622), because plaintiffs failed to attach to their complaint the affidavit and report required by that statute. This argument has no merit. As previously discussed, the circuit court's dismissal of counts I and III was based exclusively on the statute of limitations. The requirements of section 2—622 were not addressed. In light of our con-

clusion that the circuit court did not err in finding counts I and III of the second amended complaint to be time barred, a discussion of whether the circuit court might also have relied on section 2—622 in reaching the result it did would be entirely academic. With respect to count II, the question of the applicability of section 2—622 is not properly before us. The circuit court's original determination that count II should be involuntarily dismissed for failure to comply with section 2—622 was superseded by its order allowing plaintiffs to voluntarily dismiss that count without prejudice, and the plaintiffs' notice of appeal does not purport to take issue with the disposition of that count. That notice is limited exclusively to the dismissal of counts I and III.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

WELCH and LEWIS, JJ., concur.