JOSEPH CIERS, Plaintiff-Appellant, v. O.L. SCHMIDT BARGE LINES, INC., Defendant-Appellee.

First District (5th Division) No. 1—96—0015

Opinion filed December 27, 1996.—Rehearing denied February 5, 1997.

Anesi, Ozmon & Rodin, Ltd., of Chicago (Stephen S. Phalen, of counsel), for appellant.

Ray, Robinson, Carle, Davies & Snyder, of Chicago (William P. Ryan and Michael A. Snyder, of counsel), for appellee.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff Joseph Ciers appeals from the circuit court order granting defendant's motion for summary judgment based upon the statute of limitations, raising as issues whether (1) defendant should be equitably estopped from asserting a statute of limitations defense; (2) defendant waived the statute of limitations defense; and (3) the statute of limitations should be equitably tolled.

On January 23, 1985, Ciers, a tankerman, was injured after falling on the deck of a barge owned by defendant O.L. Schmidt Barge Lines (Schmidt). On December 10, 1986, Ciers filed a three-count complaint based upon the Jones Act (46 U.S.C. § 688 (1982)), for failure to provide a seaworthy vessel, negligence, and maintenance and care. On July 31, 1990, Ciers' complaint was voluntarily dismissed without prejudice. On July 30, 1991, he filed a new complaint, pursuant to section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 13—217 (now 735 ILCS 5/13—217 (West 1994))), containing the same allegations and adding a common law claim of negligence.

On October 25, 1991, Schmidt filed its answer and affirmative defenses, contending Ciers' exclusive remedy was under the Longshore and Harbor Workers' Compensation Act (33 U.S.C. § 905(b) (1988)) (the LHWCA). Schmidt thereafter successfully moved for partial summary judgment as to Ciers' three Jones Act counts. The court's November 5, 1993, order granting Schmidt's motion for partial summary judgment stated that "plaintiff's action shall proceed as a negligence action only as provided in 33 U.S.C. § 905(b), [the LHWCA]." Trial was set thereafter for May 5, 1995.

On April 27, 1995, Schmidt successfully moved to continue the trial date and for leave to file an additional affirmative defense, based on a federal three-year statute of limitations (46 U.S.C. § 763a (1982)),

and thereafter was granted leave to file an amended answer to include this additional affirmative defense. On May 15, 1995, Schmidt moved for summary judgment based upon the statute of limitations. Ciers replied to the motion for summary judgment, requesting the circuit court to toll the statute of limitations or to find that Schmidt waived the statute of limitations defense. Following argument, the court granted Schmidt's motion for summary judgment.

## I

Ciers initially contends equitable principles of estoppel dictate that he be allowed to pursue his cause of action. Schmidt maintains Ciers has failed to prove equitable estoppel.

■ A motion for summary judgment should be granted only when the pleadings, depositions, admissions, and affidavits on file, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005 (West 1994). Summary judgment is a drastic measure and should be used only when the right of the moving party is clear and free from doubt. *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 271, 586 N.E.2d 1211 (1992). This court reviews summary judgment orders *de novo. Zoeller v. Augustine*, 271 Ill. App. 3d 370, 374, 648 N.E.2d 939 (1995); *Demos v. National Bank*, 209 Ill. App. 3d 655, 659, 567 N.E.2d 1083 (1991).

■ Equitable estoppel arises through a party's voluntary conduct whereby he is precluded from asserting his rights against another who in good faith relied on such conduct and was thereby led to change his position to his detriment. *Phillips v. Elrod*, 135 Ill. App. 3d 70, 74-75, 478 N.E.2d 1078 (1985), citing *Slavis v. Slavis*, 12 Ill. App. 3d 467, 473, 299 N.E.2d 413 (1973); see *Vaughn v. Speaker*, 126 Ill. 2d 150, 533 N.E.2d 885 (1988).

■ Ciers contends Schmidt should be estopped because it did not object to his voluntary dismissal. No words or conduct by Schmidt amounting to a misrepresentation or concealment of material facts is suggested, nor is there any showing that Schmidt induced Ciers to dismiss the case voluntarily. *Cf. Witherell v. Weimer*, 118 Ill. 2d 321, 515 N.E.2d 68 (1987). Ciers also focuses on Schmidt's conduct after the filing, claiming that it participated in the litigation and did not raise its affirmative defense until the eve of trial. Such conduct, after the statute of limitations expired, however, cannot be used to establish estoppel. *Sanders v. Chicago Transit Authority*, 220 Ill. App. 3d 505, 508-09, 581 N.E.2d 211 (1991).

Ciers also points to Schmidt's failure to object to his voluntary dismissal where it knew he intended to refile. Ciers, however, had an

absolute right to voluntarily dismiss the case without prejudice prior to trial. See *Raper v. St. Mary's Hospital*, 181 Ill. App. 3d 379, 536 N.E.2d 1342 (1989). Schmidt had no duty to inform Ciers of the consequences of his dismissal and defense counsel's failure to alert opposing counsel of law bearing on his case cannot support an estoppel. *Greene v. Helis*, 252 Ill. App. 3d 957, 962, 625 N.E.2d 162 (1993). Estoppel is inappropriate in the present case.

## II

Ciers next contends that Schmidt's active participation in this litigation results in a waiver of his statute of limitations defense.[1]

■ Waiver is the voluntary and intentional relinquishment of a known right by conduct inconsistent with an intent to enforce that right. *Vershaw v. Northwestern National Life Insurance Co.*, 979 F.2d 557, 560 (7th Cir. 1992); *Vaughn v. Speaker*, 126 Ill. 2d 150, 533 N.E.2d 885 (1988). Waiver can arise either expressly or by conduct inconsistent with an intent to enforce that right. *Phillips v. Elrod*, 135 Ill. App. 3d 70, 74, 478 N.E.2d 1078 (1985). The party claiming an implied waiver has the burden of proving a clear, unequivocal and decisive act of its opponent manifesting an intention to waive its rights. *Greene v. Helis*, 252 Ill. App. 3d 957, 962, 625 N.E.2d 162 (1993).

■ Ciers contends Schmidt's conduct is inconsistent with an intent to enforce the statute of limitations where it actively participated in the litigation since 1986; did not object to the voluntary dismissal; answered the refiled complaint; participated in discovery; requested and received an order acknowledging his right to pursue a 33 U.S.C. § 905(b) claim; made no effort to vacate this order; and did not raise its affirmative defense until the eve of trial. Schmidt properly maintains, however, its actions pursuant to the first complaint cannot be construed a waiver of its right to raise the statute of limitations defense against the second complaint, especially where Ciers did not assert a claim under the LHWCA in his first complaint. As

---

[1]Schmidt contends it cannot waive the statute of limitations defense because the LHWCA's special limitations period is created by statute and is a condition of plaintiff's right to sue. *Phillips v. Elrod*, 135 Ill. App. 3d 70, 74, 478 N.E.2d 1078 (1985), citing *Muscare v. Voltz*, 107 Ill. App. 3d 841, 843, 438 N.E.2d 620 (1982); *Wood Acceptance Co. v. King*, 18 Ill. App. 3d 149, 150-51, 309 N.E.2d 403 (1974). Ciers contends for the first time in his reply brief that federal law controls the issue of waiver and the statute of limitations is an affirmative defense that can be waived, relying upon *Rutledge v. Scott Choting, Inc.*, No. 89—1265 (C.D. Ill. 1990), *aff'd*, 972 F.2d 820 (7th Cir. 1992). *Rutledge* does not discuss waiver in terms of the LHWCA and case law does not provide guidance.

aforementioned, Ciers had an absolute right to obtain a voluntary dismissal of his first complaint.

Ciers places great emphasis on the court's order of November 5, 1993, which granted Schmidt's motion for partial summary judgment and found that "plaintiff's action shall proceed as a negligence action only as provided in 33 U.S.C. § 905(b), [the LHWCA]," maintaining that Schmidt sought this order via its motion for partial summary judgment and the order manifests Schmidt's acceptance of Ciers' right to pursue his LHWCA claim. No report of proceedings on the motion for partial summary judgment has been filed. An appellant bears the burden of providing a sufficient record to support his claim of error and the absence of a record raises the presumption that the circuit court's order was in conformity with established legal principles and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958 (1984).

Ciers contends Schmidt's motion for partial summary judgment asked the court to decide which of several claims he could pursue and not to find violation of the statute of limitations. The motion for partial summary judgment did not ask the court to decide which claim Ciers could pursue, contrary to his argument. Count IV of the complaint did not seek damages under the LHWCA, yet the court declared that Ciers' action could proceed as a negligence action under the LHWCA. This was the first time during the proceedings Schmidt became aware that Ciers could pursue a negligence action under the LHWCA. Schmidt's conduct does not evidence any intent to waive the statute of limitations defense. This court cannot infer that Schmidt knew of Ciers' LHWCA claim prior to plaintiff's second complaint of July 30, 1991. *Vershaw v. Northwestern National Life Insurance Co.*, 979 F.2d 557, 560 (7th Cir. 1992); see also *Greene v. Helis*, 252 Ill. App. 3d 957, 625 N.E.2d 162 (1993).

■ Nor is Schmidt's failure to raise the statute of limitations defense until the eve of trial evidence of waiver. The decision to permit a defendant to file an amended answer raising affirmative matter, such as the statute of limitations, anytime prior to final judgment is within the circuit court's discretion. *Behr v. Club Med, Inc.*, 190 Ill. App. 3d 396, 407, 546 N.E.2d 751 (1989). The circuit court did not abuse its discretion. See *Rognant v. Palacios*, 224 Ill. App. 3d 418, 586 N.E.2d 686 (1991); *Behr*, 190 Ill. App. 3d at 407. Accordingly, there was no waiver of the statute of limitations defense.

### III

Ciers next asserts his action should not be time barred due to the doctrine of equitable tolling.

■ Maritime torts, including 33 U.S.C. § 905(b), are governed by the statutory limitation period set forth in 46 U.S.C. § 763a. *Logwood v. Apollo Marine Specialists, Inc.*, 772 F. Supp. 925, 926 (E.D. La. 1991). 46 U.S.C. § 763a provides:

"Unless otherwise specified by law, a suit for recovery of damages for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years from the date the cause of action accrued."

Congress enacted section 763a to provide a uniform statute of limitations for all maritime torts. *Friel v. Cessna Aircraft Co.*, 751 F.2d 1037, 1039 (9th Cir. 1985).

Tolling of a statute of limitations is a question of legislative intent. *Burnett v. New York Central R.R. Co.*, 380 U.S. 424, 426, 13 L. Ed. 2d 941, 944, 85 S. Ct. 1050, 1053 (1965) (*Burnett*). In order to determine legislative intent, a court "must examine the purposes and policies underlying the limitation provision, the Act itself, and the remedial scheme developed for the enforcement of the rights given by the Act." *Burnett*, 380 U.S. at 427, 13 L. Ed. 2d at 945, 85 S. Ct. at 1054. Equitable tolling may be appropriate if defendant has actively misled plaintiff; plaintiff " 'in some extraordinary way' " has been prevented from asserting his rights; or plaintiff has timely asserted his rights mistakenly in the wrong forum. *Walck v. Discavage*, 741 F. Supp. 88, 91 (E.D. Pa. 1990) (*Walck*), quoting *Kocian v. Getty Refining & Marketing Co.*, 707 F.2d 748, 753 (3d Cir. 1983). Equitable tolling principles must be applied with caution. *Walck*, 741 F. Supp. at 91.

■ Ciers contends the tolling of the statute of limitations in the present case would not conflict with the legislative purpose behind the LHWCA. Section 905(b) of the LHWCA was enacted by Congress to preclude an employee of an independent stevedoring contractor from bringing suit against the vessel based upon the warranty of seaworthiness. *Stockstill v. Gypsum Transportation*, 607 F.2d 1112, 1115 (5th Cir. 1979). " 'Congress did not intend that a concept of negligence approximating no-fault liability should take its place' [citation] *** [but] suggested in the legislative history of the amendments that a uniform federal common law stemming from land-based negligence concepts be developed." *Stockstill*, 607 F.2d at 1115-16. The limitation provision, 46 U.S.C. § 763a, provides a uniform statute of limitations for all maritime torts. *Friel v. Cessna Aircraft Co.*, 751 F.2d 1037, 1039 (9th Cir. 1985).

Ciers does not allege that "in some extraordinary way" he has been prevented from asserting his rights (see *Burnett*, 380 U.S. at 429, 13 L. Ed. 2d at 946, 85 S. Ct. at 1055), but contends Schmidt misled him by obtaining an order that Ciers' claim would proceed as a

33 U.S.C. § 905(b) negligence action. This argument, however, ignores his voluntary dismissal of his first complaint. His second complaint was filed over three years after his cause of action accrued. If the second complaint had stated a cause of action under the LHWCA, which it did not, it would be barred nevertheless by the statute of limitations. See 46 U.S.C. § 763a (1982). Ciers' focus on Schmidt's actions *after* the filing of the second complaint cannot be a ground for tolling the statute of limitations. Ciers claims that Schmidt's "drafted and entered" the court's order of November 5, 1993; however, Ciers' failure to recognize the proper basis of his cause of action cannot be attributed to Schmidt. That responsibility must be assigned to Ciers. Moreover, no transcript of the court's proceedings of November 5, 1993, has been made part of the record, and this court will presume that the circuit court's order was in conformity with established legal principles and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958 (1984).

Nor does *Walck*, upon which Ciers relies, support equitable tolling here because plaintiff in *Walck* timely asserted his right mistakenly in the wrong forum. *Walck*, 741 F. Supp. at 91. In *Walck*, plaintiff timely filed a negligence action against defendant in Maryland state court after plaintiff was injured on defendant's boat, which was docked in Delaware. 741 F. Supp. at 89. Plaintiff's complaint was subsequently dismissed for lack of personal jurisdiction; prior to the dismissal, however, plaintiff initiated an action in a Pennsylvania federal district court, after the expiration of the limitation period. 741 F. Supp. at 89. Defendant moved for summary judgment, asserting that the state court action did not toll the running of the limitation period. After noting that maritime law includes traditional common law rules, the court found that plaintiff's filing of the state claim tolled the three-year statute of limitations found in 46 U.S.C. § 763a. 741 F. Supp. at 91. The court reasoned that Maryland's lack of jurisdiction was not certain; plaintiff demonstrated due diligence in pursuing her claim by filing within the appropriate time period and serving defendant with her complaint; and plaintiff filed her complaint in federal court three months after filing the complaint in state court. 741 F. Supp. at 91-92.

Unlike *Walck*, Ciers did not timely assert his claim in the wrong forum; the forum in the present case never changed. Rather, Ciers voluntarily dismissed his complaint and then filed a new complaint, adding a new count. "A federal statute of limitations is *not* tolled when the plaintiff files a claim that later is voluntarily dismissed." (Emphasis in original.) *Basco v. American General Insurance Co.*, 43 F.3d 964, 965-66 (5th Cir. 1994), citing *Taylor v. Bunge Corp.*, 775

F.2d 617, 619 (5th Cir. 1985); 9 C. Wright & A. Miller, Federal Practice & Procedure § 2367, at 186-87 (1971).

Ciers' reliance upon *Burnett* also is misplaced. In *Burnett*, plaintiff, a resident of Kentucky, filed a complaint under the Federal Employers' Liability Act (FELA) (45 U.S.C. § 51 *et seq.* (1958)) against his employer, a railroad, in an Ohio state court after plaintiff was injured in Indiana during the course of his employment. 380 U.S. at 424, 13 L. Ed. 2d at 943, 85 S. Ct. at 1052. Venue was improper in Ohio and defendant's motion to dismiss was granted. Eight days after plaintiff's state action was dismissed, he filed the identical action in an Ohio federal court. 380 U.S. at 425, 13 L. Ed. 2d at 943, 85 S. Ct. at 1052. The district court thereafter dismissed plaintiff's complaint as untimely; although the state action was within the limitation period, the federal action was untimely due to FELA's three-year statute of limitations. 380 U.S. at 425, 13 L. Ed. 2d at 943, 85 S. Ct. at 1053. The Supreme Court reversed, holding that plaintiff's suit in state court tolled the FELA statute of limitations. 380 U.S. at 426, 13 L. Ed. 2d at 944, 85 S. Ct. at 1053.

The *Burnett* Court first noted that FELA's limitation period was not totally inflexible and that statutes of limitation are designed to ensure fairness to defendants. 380 U.S. at 428, 13 L. Ed. 2d at 945, 85 S. Ct. at 1054. The Court observed that plaintiff did not slumber on his rights; service of process was made on defendant; and defendant did not rely upon the policies embodied in the limitation statute as defendant had appeared specially in the state court to argue for dismissal of plaintiff's complaint. 380 U.S. at 429-30, 13 L. Ed. 2d at 945-46, 85 S. Ct. at 1055. The Court in *Burnett* also considered that if plaintiff had sued in a federal court, where venue was improper, his case could have been transferred under 28 U.S.C. § 1406(a) and the statute of limitations would not have barred his action. 380 U.S. at 430, 13 L. Ed. 2d at 946, 85 S. Ct. at 1055. Similarly, if his claim had been filed under Ohio state law, he would have had an additional year in which to refile in a proper court. These factors led the Court to conclude that Congress did not intend the statute of limitations to bar plaintiff's cause of action; however, the federal limitation provision did not incorporate the state saving statute because that would lead to nonuniform periods of limitation. 380 U.S. at 433, 13 L. Ed. 2d at 948, 85 S. Ct. at 1057. Nevertheless, the various factors, including the humanitarian purpose of FELA, supported tolling FELA's limitation during the pendency of the state suit. The Court found the limitation provision was tolled until the state court order dismissing the state action became final. 380 U.S. at 434-35, 13 L. Ed. 2d at 949, 85 S. Ct. at 1058.

In the present case, Ciers' first complaint set forth three counts based on the Jones Act. Three years later, he voluntarily dismissed the suit. One year later, he filed his second complaint, which added a fourth count for common law negligence. The second complaint did not state a cause of action pursuant to the LHWCA. *Cf. Huett v. Illinois Central Gulf R.R. Co.*, 268 Ill. App. 3d 494, 495, 644 N.E.2d 474 (1994). Unlike *Burnett*, the initial complaint here was not struck for technical reasons; it was voluntarily dismissed. Moreover, Ciers did not assert an LHWCA claim in his first complaint. On November 5, 1993, the circuit court believed that Ciers could pursue a claim under the LHWCA. Because his first complaint did not contain a count for negligence under either the common law or the LHWCA, the federal statute of limitations was not tolled. He did not assert his LHWCA cause of action until, at the earliest, July 30, 1991. This was over six years after he was injured. *Cf. Burnett*, 380 U.S. at 430, 13 L. Ed. 2d at 946, 85 S. Ct. at 1055. Assuming, *arguendo*, his initial complaint stated a cause of action under the LHWCA, Ciers still would not prevail under *Burnett* because plaintiff's voluntary dismissal did not toll the federal statute of limitations. *Basco v. American General Insurance Co.*, 43 F.3d 964, 965-66 (5th Cir. 1994), citing *Taylor v. Bunge Corp.*, 775 F.2d 617, 619 (5th Cir. 1985); 9 C. Wright & A. Miller, Federal Practice & Procedure § 2367, at 186-87 (1971); see also *Stephan v. Selvic Marine Towing Co.*, 201 Ill. App. 3d 554, 559 N.E.2d 147 (1990). The facts in the present case are insufficient to toll the federal statute of limitations.

■ Ciers asserts, for the first time in his reply brief, that Schmidt has waived its right to assert that the state saving statute, section 13—217 (735 ILCS 5/13—217 (West 1994)), does not apply here. Not only was this argument not raised in his opening brief (see 145 Ill. 2d R. 341(e)(7)), but he abandoned this claim in the circuit court in responding to Schmidt's motion for summary judgment. Arguments not raised in the circuit court are waived on appeal. *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 508, 524 N.E.2d 561 (1988). The circuit court did not err in granting summary judgment for defendant.

For the foregoing reasons, the order of the circuit court must be affirmed.

Affirmed.

DiVITO and BURKE, JJ., concur.