FOURTH DIVISION
September 10, 2015

2015 IL App (1st) 143437

No. 1-14-3437

| | | |
|---|---|---|
| STEPHEN J. KLANCIR, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 13 L 11652 |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | Honorable |
| | ) | John H. Ehrlich, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court, with opinion.
Justices Fitzgerald Smith and Cobbs concurred in the judgment and opinion.

## OPINION

¶ 1    Plaintiff, Stephen J. Klancir, was allegedly injured on January 6, 2009 during the course of his employment with Defendant, BNSF Railway Company.  On June 24, 2009, Plaintiff filed a complaint against Defendant pursuant to the Federal Employer's Liability Act (FELA).  FELA carries a three-year statute of limitations.  45 U.S.C. § 56 (2006).  On October 23, 2012, Plaintiff moved to voluntarily dismiss his complaint pursuant to section 2-1009 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1009 (West 2012)).

¶ 2    On October 21, 2013, Plaintiff filed his second complaint against Defendant based on the January 6, 2009 injury.  Defendant moved to dismiss the 2013 complaint pursuant to section 2-619(a)(5) of the Code (735 ILCS 5/2-619(a)(5) (West 2012)).  The trial court granted Defendant's motion to dismiss Plaintiff's 2013 complaint.  This appeal followed.

¶ 3    For the following reasons, we affirm.

¶ 4                                        BACKGROUND

¶ 5    The facts are not in dispute but the context of Plaintiff's motion to voluntarily dismiss the complaint in 2012 is necessary to an understanding of Plaintiff's arguments in this appeal.  This

matter was scheduled to proceed to trial. On October 23, 2012, the parties appeared in the circuit court of Cook County with "a problem about scheduling." The trial was supposed to have begun the previous Friday but because defense counsel had another trial, the trial of this matter did not begin on that date. Plaintiff's attorney informed the court that because of the remaining matters to be addressed before trial began, counsel would be unable to present his economics expert witness. The expert had to testify by noon the following day because of another obligation and Plaintiff's counsel feared that given the pretrial matters left to be addressed and the order in which counsel wanted to present his witnesses, he would not get to that witness in time. The judge asked Plaintiff's counsel how he wanted to proceed and counsel responded as follows: "Well, what I suggest is we maybe mis-try it and get a new date to set the case, because this is the key witness on our case."

¶ 6    The trial judge informed Plaintiff's counsel he could not proceed in that way because he (the judge) did not set trial dates. The judge stated that if Plaintiff took "a voluntary" and refiled within a year the case would go to a motion call and the trial judge suggested Plaintiff might be able to "get an agreement with the defense to fast track it." The judge then suggested that Plaintiff present the witnesses out of order and start with the expert. Plaintiff stated doing so would be detrimental to his case and rejected the judge's suggestion. Plaintiff's counsel and the trial judge were discussing the pretrial matters left to be addressed, and Plaintiff's ability to have his expert testify if trial did begin, when Plaintiff's counsel inquired about the trial judge's statement that Plaintiff had an absolute right to voluntarily dismiss the complaint. The judge reiterated Plaintiff's absolute right to voluntarily dismiss the case without stating a reason for doing so. Plaintiff's counsel then requested to confer off the record with defense counsel.

¶ 7    When proceedings on the record resumed, the trial judge asked Plaintiff's counsel how counsel wished to proceed.  Plaintiff's counsel responded:  "The only alternative that I could see would be a continuance, but that would take agreement of all the parties."  The trial judge told Plaintiff's counsel "I don't have the power to give a continuance."  Plaintiff's counsel then asked:  "If we nonsuit it, can we have an agreement, is there such a thing as a fast track?"  The judge stated he could not order it and that it would be up to the defense.  Plaintiff's counsel asked defense counsel if he would agree to fast track the case because Plaintiff's counsel was unable to present his expert witness in the way he wanted (stating he could not present the witness "in a timely manner").  Plaintiff's counsel stated "[t]hat judgment has already been made" in an apparent reference to the decision not to proceed with the trial that day.  Plaintiff's counsel stated he was asking the defense to agree to a fast track because he was seeking to "cut the delay as short as possible with a nonsuit."

¶ 8    Defense counsel responded as follows:

> "And I guess—I don't know what the term fast track means or what it entails, so I mean if the idea is that you guys are going to go refile next week and we're going to go in and ask for an early trial date as soon as the court will accommodate us based on everybody's schedule with the witnesses, I'm good with that."

¶ 9    Plaintiff's counsel stated, "That's all we can do."  After clarifying that any new trial date would depend on their respective schedules, defense counsel later said he had no problem with trying "to get it back going as soon as we can."  Plaintiff's counsel then said:  "Well then, with that being the case, I will make a record that we will do a nonsuit."

¶ 10    The record Plaintiff's counsel made was as follows:

"Based on the scheduling, for the record, we find ourself with our key witness not being available, which we knew was going to happen, and that is the reason why we moved the case to start last Friday. Unfortunately we couldn't do that. Now the schedule is closed and it's critical to our case that we present our evidence in a prescribed manner. We cannot do that, therefore we will nonsuit the case and go to the court and refile it and ask that it be put on the fast track."

¶ 11    The trial judge instructed the parties to prepare an order. The order, dated October 23, 2012, reads as follows: "Plaintiff moves for a voluntary nonsuit, without prejudice. Plaintiff's motion is granted without prejudice. Plaintiff may refile this cause within one year pursuant to statute. Plaintiff shall pay Defendant's statutory costs upon refiling." Plaintiff did not refile his complaint until October 21, 2013. Defendant received service of the refiled complaint on February 26, 2014.

¶ 12    On April 17, 2014, Defendant filed a motion to dismiss Plaintiff's complaint on the grounds the statute of limitations for Plaintiff's claim expired prior to the filing of the complaint and Illinois's saving statute does not apply to Plaintiff's claim under FELA. Alternatively, Defendant argued Plaintiff's complaint should be dismissed pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) because Plaintiff delayed four months to serve Defendant. In opposition to Defendant's motion to dismiss Plaintiff's refiled complaint, Plaintiff's attorney averred that "Before Judge Varga would sign the Order with the language 'without prejudice', he first demanded that I call counsel for the Defendant to confirm that that was our understanding

and agreement." "In response to my query, Erika G. Baldonado ([Defendant's attorney]) confirmed that the dismissal was 'without **any** prejudice.' " (Emphasis in original.)

¶ 13 On June 23, 2014, following briefing by the parties, the circuit court of Cook County granted Defendant's motion to dismiss with prejudice pursuant to section 2-619(a)(5) and (a)(9) of the Code. 735 ILCS 5/2-619(a)(5), (a)(9) (West 2012). On July 21, 2014, Plaintiff filed a motion to reconsider. On September 24, 2014, the court denied Plaintiff's motion to reconsider. This appeal followed.

¶ 14                                   ANALYSIS

¶ 15 The trial court entered judgment granting Defendant's motion to dismiss Plaintiff's complaint pursuant to section 2-619(a) of the Code, which allows for the involuntary dismissal of an action that "was not commenced within the time limited by law." (Internal quotation marks omitted.) *Carlson v. Fish*, 2015 IL App (1st) 140526, ¶ 22 (quoting 735 ILCS 5/2-619(a)(5) (West 2012)). "Whether a cause of action was properly dismissed under section 2-619(a)(5) of the Code based on the statute of limitations is a matter we review *de novo*. [Citation.]" *Id.*

¶ 16 Plaintiff nonsuited his cause of action on October 23, 2012. The Illinois saving statute (735 ILCS 5/13-217 (West 2012)) allows plaintiffs who nonsuit cases to refile their cases within one year regardless of whether a limitation period set by Illinois statutes has expired. "Section 13-217 grants a plaintiff who voluntarily dismisses his complaint the right to refile within one year or within the remaining period of limitation, whichever is greater." (Internal quotation marks omitted.) *Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207, 215 (2007). Under Illinois law, Plaintiff had an absolute right to take a nonsuit. However, the Illinois saving statute tolls the statute of limitations only where the statute of limitations is set by Illinois law. See *Nichols*

*v. G.D. Searle & Co.*, 282 Ill. App. 3d 781, 784 (1996) (rejecting plaintiffs' argument saving statute applied where under Illinois borrowing statute, statute of limitations in plaintiffs' home jurisdictions where the causes of action arose applied to their claims, and claims were time-barred under the laws of their home jurisdictions); *Evans v. Lederle Laboratories, a Division of American Cyanamid Co.*, 904 F. Supp. 857, 859 (C.D. Ill. 1995) (section 13-217 is "part and parcel" of Illinois total statute of limitations (internal quotation marks omitted)).

¶ 17    The limitations period in Plaintiff's case is set by federal law.  Plaintiff's action was governed by FELA, which limits the time to commence the action to "three years from the day the cause of action accrued."  45 U.S.C. § 56 (2006).  For cases arising under FELA, the three-year statute of limitations is "a condition of liability constituting a substantial part of the right created" and "federal law controls all substantive rights.  [Citation.]"  (Internal quotation marks omitted.)  *Noakes v. National R.R. Passenger Corp.*, 312 Ill. App. 3d 965, 967 (2000).  This court has held that under federal law, section 13-217 does not "operate to protect a plaintiff's right to refile an action after the three-year limitations period."  *Id.* at 968.  Plaintiff does not dispute that his cause of action accrued on January 6, 2009, and, consequently, that the statute of limitations expired on January 6, 2012.  Plaintiff also does not dispute that the Illinois saving statute does not apply to his FELA claim.  See *Burnett v. New York Central R.R. Co.*, 380 U.S. 424, 433 (1965) ("The incorporation of variant state saving statutes would defeat the aim of a federal limitation provision designed to produce national uniformity.").

¶ 18    In support of his request this court reverse the trial court's judgment dismissing his complaint, Plaintiff argues that the statute of limitations should be tolled during the pendency of his original complaint under the doctrine of equitable tolling.  Plaintiff asserts that equitable tolling applies because Defendant misled Plaintiff to believe that if the original timely filed

complaint was voluntarily dismissed, Defendant "agreed to allow it to be re-filed without any prejudice" to Plaintiff. In other words, Defendant would not assert a statute of limitations defense that was not available to it but for the voluntary dismissal. Plaintiff argues Defendant agreed to allow Plaintiff to refile its case within one year and that this agreement with Defendant was not limited to anything less than the one year period to refile stated in the voluntary dismissal order. In support, Plaintiff states that Defendant expressly agreed to the one-year language.

¶ 19                                    1. Tolling Principles

¶ 20     The parties dispute whether Plaintiff is required to show "extraordinary circumstances" to invoke the equitable tolling doctrine. We find the following statement by our supreme court instructive:

> "Generally, the doctrine of equitable tolling permits a court
> to excuse a plaintiff's failure to comply with a statute of limitations
> where 'because of disability, irremediable lack of information, or
> other circumstances beyond his control,' the plaintiff cannot
> reasonably be expected to file suit on time. [Citation.] Unlike the
> related doctrine of equitable estoppel, equitable tolling requires no
> fault on the part of the defendant. [Citation]; see also *Tregenza v.*
> *Great American Communications Co.*, 12 F.3d 717, 721 (7th Cir.
> 1993) ('Equitable tolling just means that without fault by either
> party the plaintiff does not have enough information to sue within
> the period of limitations ***.'); *Lehman v. United States*, 154 F.3d
> 1010, 1016-17 (9th Cir. 1998) ('Equitable tolling focuses primarily

on the plaintiff's excusable ignorance of the limitations period,' whereas '[e]quitable estoppel focuses on the actions of the defendant' ***)." (Emphases omitted.) *Williams v. Board of Review*, 241 Ill. 2d 352, 360-61 (2011).

¶ 21 Thus, where the plaintiff seeks to apply the doctrine of equitable tolling where the circumstances which led to the expiration of the statute of limitations before filing are not alleged to be the fault of the defendant, the plaintiff must show that he or she "has been prevented from asserting his or her rights in some extraordinary way." (Internal quotation marks omitted.) *American Family Mutual Insurance Co. v. Plunkett*, 2014 IL App (1st) 131631, ¶ 32. This court has stated that "equitable tolling" may also be appropriate "if the defendant has actively misled the plaintiff." (Internal quotation marks omitted.) *Id.* However, when equitable tolling is sought under circumstances where it is alleged the defendant misled the plaintiff into filing outside the applicable statute of limitations, as is the case here, the relief actually sought is equitable estoppel. *Williams*, 241 Ill. 2d at 360-61. See also *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) ("A defendant who through misleading representations or otherwise prevents the plaintiff from suing in time will be estopped to plead the statute of limitations. This is equitable estoppel.") (cited in *Williams*).

¶ 22 "The party claiming estoppel has the burden of proving it by clear and unequivocal evidence. [Citation.]" (Internal quotation marks omitted.) *Steinmetz v. Wolgamot*, 2013 IL App (1st) 121375, ¶ 40. In Illinois, equitable estoppel does not give a plaintiff the entire limitations period measured from the date the defendant discontinues the conduct that lulled the plaintiff into inaction. *Id.* Rather, plaintiff is allowed a reasonable period to bring suit. *Id.* Intent of the defendant to mislead, deceive, or delay is not necessary. *Witherell v. Weimer*, 118 Ill. 2d 321,

330 (1987). "The circuit court's decision regarding equitable estoppel will not be disturbed on review unless it is against the manifest weight of the evidence, or will be reviewed *de novo* if it is based on a legal conclusion." *In re Parentage of Scarlett Z.-D.*, 2015 IL 117904, ¶ 26.

> "To establish equitable estoppel, the party claiming estoppel must demonstrate that: (1) the other person misrepresented or concealed material facts; (2) the other person knew at the time he or she made the representations that they were untrue; (3) the party claiming estoppel did not know that the representations were untrue when they were made and when they were acted upon; (4) the other person intended or reasonably expected that the party claiming estoppel would act upon the representations; (5) the party claiming estoppel reasonably relied upon the representations in good faith to his or her detriment; and (6) the party claiming estoppel would be prejudiced by his or her reliance on the representations if the other person is permitted to deny the truth thereof. [Citation.]" (Emphasis and internal quotation marks omitted.) *Wolgamot*, 2013 IL App (1st) 121375, ¶ 40.

¶ 23     Plaintiff argues in favor of a test articulated by the United States District Court for the Eastern District of Pennsylvania which would require Plaintiff to prove "three necessary elements: (1) that the defendant actively misled the plaintiff; (2) which prevented the plaintiff from recognizing the validity of her claim within the limitations period; and (3) where the plaintiff's ignorance is not attributable to her lack of reasonable due diligence in attempting to uncover the relevant facts. [Citation.]" (Internal quotation marks omitted.) *White v. PNC*

*Financial Services Group, Inc.*, No. 11-7928, 2013 WL 3090823, at *3 (E.D. Pa. June 20, 2013).

The elements of the *White* court's test correlate to some elements of our test for equitable

estoppel in this context. We have no need and therefore do not expressly decide in this case

whether or not the test articulated by the *White* court is an accurate application of Illinois'

equitable estoppel rules. Under either test, Plaintiff has the burden to prove that Defendant in

this case misrepresented or concealed material facts with regard to whether Defendant waived its

statute of limitations defense for up to one year. Based on the evidence before this court we find

Plaintiff has not met that burden.

¶ 24                                    2. Defendant's Alleged Misrepresentation

¶ 25    Plaintiff argues the misrepresentations or concealments in this case were (1) Defendant's

statements to the court before Plaintiff made the final decision to dismiss the case, and (2)

Defendant's "actions in agreeing to the language of the order before it was filed and its

statements re-iterating that the dismissal was without any prejudice to Plaintiff." Plaintiff argues

this conduct by Defendant misled Plaintiff as to whether Defendant planned to assert a statute of

limitations defense "despite its apparent agreement to waive it."

¶ 26    "The right to invoke a statute-of-limitations defense can be expressly waived or waived

by conduct inconsistent with an intent to enforce that right." *Hassebrock v. Ceja Corp.*, 2015 IL

App (5th) 140037, ¶ 38. An implied waiver may also arise where the party against whom waiver

is asserted pursues a course of action or acts in such a way that demonstrates his intention to

waive a right or is inconsistent with any intention other than waiving the right. *Hahn v. County*

*of Kane*, 2013 IL App (2d) 120660, ¶ 11. However, "we must point out that 'equitable estoppel'

and 'waiver' are two distinct concepts, though they have similarities and are sometimes used

interchangeably. A waiver is a voluntary relinquishment of a known right, claim or privilege

[citation], whereas an equitable estoppel may arise even though there was no intention on the part of the party estopped to relinquish any existing right." *Vaughn v. Speaker*, 126 Ill. 2d 150, 161 (1988). Accordingly, we will confine our discussion to whether Plaintiff has proved by clear and unequivocal evidence that Defendant misrepresented or concealed material facts.

¶ 27    As to defense counsel's statements before the trial court, on appeal Defendant argues as follows:

> "There was no discussion with regard to extending the statute of limitations, but only a discussion whether or not BNSF's counsel would be willing to ask for an early trial date (*i.e.* 'fast track' the matter) if Plaintiff-Appellant refiled it. *** This discussion with regard to refiling in no way establishes that BNSF's counsel agreed to tolling the FELA statute of limitations."

¶ 28    Our review of the transcript of the hearing on October 23, 2012 led this court to the same conclusion. Accordingly, we hold that Plaintiff has not proved that Defendant misrepresented its position on the statute of limitations before the trial court. The only discussion before the trial court was about whether Plaintiff could "fast track" the case to trial when it was refiled and whether Defendant would object to Plaintiff's doing so. There was no discussion regarding the statute of limitations.

¶ 29    Further, we find that defense counsel's statements did not misstate facts because those statements are not a tacit approval of Plaintiff's refiling of the case. In *Ciers v. O.L. Schmidt Barge Lines, Inc.*, 285 Ill. App. 3d 1046, 1050 (1996), the plaintiff pointed to the defendant's failure to object to the plaintiff's voluntary dismissal, where it knew the plaintiff intended to refile, in support of the plaintiff's contention the defendant in *Ciers* should be estopped from

asserting a statute of limitations defense. *Id.* at 1049. Defense counsel's statements in this case are similar to the alleged failure to object in *Ciers*. In this case, defense counsel stated that "if the idea is that you guys are going to go refile next week and we're going to go in and ask for an early trial date as soon as the court will accommodate us based on everybody's schedule with the witnesses, I'm good with that." Defendant was discussing fast-tracking, not refiling. Defendant "had no duty to inform [plaintiff] of the consequences of his dismissal and defense counsel's failure to alert opposing counsel of law bearing on his case cannot support an estoppel." *Id.* at 1050.

¶ 30    All that remains to support Plaintiff's argument that Defendant should be estopped from asserting a statute of limitations defense is Defendant's agreement to the language that the dismissal was "without prejudice" to Plaintiff, and defense counsel's agreement that the dismissal was without "any" prejudice. Initially, we note that Plaintiff does not argue, and we do not find, that the language in the order is an express wavier of Defendant's statute of limitations defense. Thus, Plaintiff could not have been misled by an express relinquishment of the right to assert a statute of limitations defense. Defendant argues the agreement to the language was perfunctory because Plaintiff had an absolute right to dismiss his case without prejudice and Defendant was required to agree to those terms and, regardless, the order merely reflected the discussions between the parties and the trial court regarding Plaintiff's voluntary dismissal. Plaintiff asserts Defendant did not have to agree to the language of the order.

¶ 31    To establish equitable estoppel, "[t]he representation need not be fraudulent in the strict legal sense or done with an intent to mislead or deceive. Although fraud is an essential element, it is sufficient that a fraudulent or unjust effect results from allowing another person to raise a claim inconsistent with his or her former declarations. [Citation.] The test is whether,

considering all the circumstances, conscience and the duty of honest dealing should deny one the right to repudiate the consequences of his or her representations or conduct." *In re Parentage of Scarlett Z.-D.*, 2015 IL 117904, ¶ 25.

¶ 32    Defendant did not take a position inconsistent with his former declaration agreeing to the "without prejudice" language when it moved to dismiss Plaintiff's complaint, and Defendant is not repudiating his prior representations or conduct by invoking the statute of limitations defense.  Procedurally, Plaintiff had an absolute right to voluntarily dismiss the case without prejudice prior to trial.  *Ciers*, 285 Ill. App. 3d at 1049-50.  Defendant agreed to language in the order that reflected that right.  We do not find Plaintiff has proved by clear and convincing evidence that Defendant's agreement to the "without prejudice" language was a misrepresentation of Defendant's position where, under Illinois law, Plaintiff did have a right to a voluntary dismissal without prejudice but the statute of limitations defense survived the dismissal because federal law set the statute of limitations and the Illinois saving statute did not apply.  *Noakes*, 312 Ill. App. 3d at 968 (under federal law section 13-217 does not "operate to protect a plaintiff's right to refile an action after the three-year limitations period").  Nor was Defendant's conduct a "fraudulent" concealment of material facts.  "[D]efense counsel cannot be said to have improperly concealed material facts simply by failing to alert opposing counsel, in advance, of law bearing upon his case."  *Greene v. Helis*, 252 Ill. App. 3d 957, 962 (1993).

¶ 33    We are aware of the following statement in *Glus v. Brooklyn Eastern District Terminal*, 359 U.S. 231, 235 (1959):  "It is no answer to say, as respondent does, that the representations alleged were of law and not of fact and therefore could not justifiably be relied on by petitioner.  Whether they could or could not depends on who made them and the circumstances in which they were made."  Defendant does not argue that Plaintiff could not have justifiably relied on its

"representation of law" with regard to the order of dismissal. Further, in this case, Defendant did not make a representation to Plaintiff as to the applicable law regarding the effect (or lack thereof) of the saving statute on FELA claims. Compare *id.* at 232.

¶ 34 In *Glus*, the petitioner claimed that the respondent was estopped from raising the three-year statute of limitations because it had induced the petitioner to delay by representing that the petitioner had seven years in which to sue. *Id.* at 231-32. The Court held that the petitioner could establish equitable estoppel if he could prove that the respondent acted in such a way that the petitioner "was justifiably misled into a good-faith belief that he could begin his action at any time within seven years after it had accrued." *Id.* at 235. In this case, Defendant did not expressly agree to waive his statute of limitations defense, and Defendant's act of agreeing to language in the order consistent with the rights conferred by the statute under which the order was made, without more, is not "a clear, unequivocal and decisive act" manifesting an intention to waive Defendant's rights. *Ciers*, 285 Ill. App. 3d at 1050. In the absence of such facts, we find that Plaintiff has not proved by clear and convincing evidence that Plaintiff was justifiably misled into a good-faith belief he could file his complaint almost one year after the voluntary dismissal.

¶ 35 The trial court properly granted Defendant's motion to dismiss Plaintiff's complaint and properly denied Plaintiff's motion to reconsider that order.

¶ 36                                    CONCLUSION

¶ 37 For the foregoing reasons, the trial court's judgment is affirmed.

¶ 38 Affirmed.