2019 IL App (1st) 182352-U

FIRST DISTRICT,
SECOND DIVISION
November 26, 2019

No. 1-18-2352

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| ILLINOIS DEPARTMENT OF HEALTHCARE AND FAMILY SERVICES ex rel. ARRIE A. GREEN, | ) ) ) ) | Appeal from the Circuit Court of Cook County, Illinois. |
| Petitioner-Appellant, | ) ) | No. 17 D 090924 |
| v. | ) ) | |
| ERIC P. JONES, SR., | ) ) ) | Honorable Naomi Schuster, Judge Presiding. |
| Respondent-Appellee. | ) | |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Justices Lavin and Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*:   State filed child support petition on behalf of mother, citing voluntary acknowledgement of paternity (VAP) signed by respondent. Respondent filed cross-petition to vacate the VAP. Respondent's petition was properly granted where (1) it was undisputed that respondent was not the child's biological father; (2) respondent's signature on the VAP was procured through mother's fraud; and (3) when mother's fraud came to light, she promised not to seek child support from respondent, and respondent detrimentally relied on that promise by not seeking to vacate the VAP sooner.

¶ 2        This appeal concerns a child support petition filed by the Illinois Department of Healthcare and Family Services against respondent Eric Jones, who, under the undisputed facts, is not the child's biological father.

¶ 3        In October 2008, M.J. was born to Arrie Green. Based on Arrie's representation that Eric was the father, Eric signed a voluntary acknowledgment of paternity (VAP). In 2012, Arrie filed a child support petition against Eric. During the proceedings, Arrie admitted that Eric was not M.J.'s father, an admission that was corroborated by genetic testing. Arrie agreed not to pursue child support from Eric and her petition was dismissed.

¶ 4        In 2017, the Department filed another child support petition against Eric on Arrie's behalf. Eric filed a petition challenging the VAP, citing Arrie's admission and the genetic testing results. The trial court granted Eric's petition, vacated the VAP, and ordered the Department to withdraw its petition. The Department now appeals, arguing that Eric's challenge to the VAP was untimely. We affirm.

¶ 5                                    BACKGROUND

¶ 6        M.J. was born to Arrie on October 12, 2008. The following day, Eric and Arrie signed a VAP stating that Eric was M.J.'s father. The VAP provided on its face that it was a legal document with the effect of a court order determining the legal relationship between a father and child. By signing it, Eric acknowledged that he was M.J.'s biological father, waived his right to genetic testing, and accepted responsibility to provide financial support for M.J.

¶ 7        In 2012, Arrie filed a child support petition against Eric. Green v. Jones, No. 12-D-52155 (Cir. Ct. Cook County). During the course of those proceedings, Arrie admitted in court that Eric was not M.J.'s father. On its own motion, the trial court ordered genetic testing, and the

test results excluded Eric as M.J.'s biological father. Arrie told Eric that she would no longer seek child support from him, and her petition was dismissed in June 2013.

¶ 8 On August 7, 2017, the Department filed a uniform support petition against Eric on behalf of Arrie,[1] seeking current and retroactive child support for M.J. At a hearing on October 13, 2017, Eric appeared on his own behalf and informed the court that a court-ordered genetic test from 2012 established that he was not M.J.'s father. The trial court continued the matter for Eric to obtain the 2012 results. At Eric's request, the court also ordered a second genetic test from the DNA Diagnostics Center. On February 27, 2018, the DNA Diagnostics Center issued a report stating that the probability of Eric's paternity was 0%.

¶ 9 On April 6, 2018, the trial court granted Eric leave to file a petition challenging the VAP, which he did on June 11, 2018. In his petition, Eric stated that the VAP should be vacated under section 309(a) of the Illinois Parentage Act of 2015 (750 ILCS 46/309(a) (West 2018)), which provides that a VAP may be challenged on grounds of fraud within two years of its effective date, excluding any time during which the ground for relief is fraudulently concealed. Eric explained that when Arrie became pregnant with M.J., she falsely represented to him that he was the father, and her fraud induced him to sign the VAP. After he discovered the truth in 2012, Arrie agreed not to seek child support from him and her petition was dismissed. Eric, who was acting *pro se*, believed the issue of M.J.'s paternity was thereby resolved. He did not realize he needed to challenge the VAP until the court granted him leave to do so on April 6, 2018. Thus, he asserted that his June 11, 2008 challenge was timely under section 309(a).

---

[1] Through the Child Support Program, a custodial parent may ask the Department to collect child support on her behalf from a non-custodial parent. Child Support Program Fact Sheet, https://www.illinois.gov/hfs/csassist/Pages/csappIVD.aspx (last visited November 6, 2019).

¶ 10    A hearing on Eric's petition was held on June 19, 2018. Eric, the sole testifying witness, testified consistently with the facts described above. The Department contended that Eric's challenge to the VAP was untimely. It argued that the two-year statutory period to challenge the VAP began to run no later than 2012, when Eric became aware he was not M.J.'s father based on Arrie's statements and the results of the 2012 genetic test. The trial court disagreed, finding that Eric "testified with a high degree of credibility" that he relied on Arrie's assurance that she would not seek child support for M.J. Thus, the court found the two-year period was tolled based on Eric's detrimental reliance on Arrie's promise. The court entered an order vacating the VAP and ordered the Department to withdraw its child support petition. The Department now appeals.

¶ 11                                          ANALYSIS

¶ 12    Although the Department concedes that Eric is not M.J.'s biological father, it argues that Eric's challenge to the VAP was untimely under section 309(a) of the Illinois Parentage Act of 2015 (750 ILCS 46/309(a) (West 2018)).

¶ 13    Eric has not filed an appellate brief, but the record is sufficiently clear for us to decide this appeal on the Department's brief alone. *Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976); *State Farm Mutual Insurance Co. v. Ellison*, 354 Ill. App. 3d 387, 388 (2004). We review issues of statutory construction *de novo* (*In re Detention of Powell*, 217 Ill. 2d 123, 134-35 (2005)) but defer to the trial court's findings of fact, including credibility determinations, unless they are contrary to the manifest weight of the evidence. *Sullivan v. Kanable*, 2015 IL App (2d) 141175, ¶ 10.

¶ 14    The Parentage Act of 2015 enables voluntary creation of a parent-child relationship by signing a VAP, which is "the equivalent of a judicial adjudication of parentage of the child."

750 ILCS 46/302 (West 2018); see also *In re N.C.*, 2014 IL 116532, ¶ 52 (construing similar provision in predecessor statute). One who signs a VAP may rescind it within 60 days of its effective date, provided he has not been named as a party in a judicial or administrative proceeding relating to the child. 750 ILCS 46/307 (West 2018). After the 60-day window, a VAP may only be challenged as provided in section 309(a):

> "A voluntary acknowledgment *** may be challenged only on the basis of fraud, duress, or material mistake of fact by filing a verified petition under this Section within 2 years after the effective date of the voluntary acknowledgment ***. Time during which the person challenging the voluntary acknowledgment *** is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years." 750 ILCS 46/309(a) (West 2018).

See also *N.C.*, 2014 IL 116532, ¶ 57 ("a man who voluntarily acknowledges paternity can later challenge the *voluntariness* of the acknowledgement if he can show that it was procured by fraud, duress, or material mistake of fact" (emphasis in original; internal quotation marks omitted)).

¶ 15    Here, Eric challenged the VAP on the basis of fraud, alleging that he signed the VAP only because of Arrie's fraudulent representation to him that he was M.J.'s father. See *Jordan v. Knafel*, 378 Ill. App. 3d 219, 231-32 (2007) (mother's representation to man that he was the father of her child was fraudulent when she did not disclose that she had sexual relations with another man around the time of conception); *Lipscomb v. Wells*, 326 Ill. App. 3d 760, 765 (2001) (same). Eric also argued that Arrie's fraudulent concealment of M.J.'s true parentage tolled the two-year period for filing a VAP.

¶ 16     The Department does not dispute the foregoing contentions, but it argues that Arrie's fraud ended no later than 2012, when she admitted that Eric was not M.J.'s father and her admission was corroborated by genetic testing. After that point, the Department argues, Eric's ground for relief was no longer concealed, and the two-year statute of limitations began to run; accordingly, Eric's 2018 challenge to the VAP was untimely.

¶ 17     Under the facts of this case, we need not address the timeliness of Eric's petition, because we find that Arrie (and therefore the Department, bringing this suit on her behalf) is estopped from raising the statute of limitations against Eric. See *Senior Housing, Inc. v. Nakawatase, Rutkowski, Wyns & Yi, Inc.*, 192 Ill. App. 3d 766, 773 (1989) ("Our decision that [defendant] is estopped by its actions from asserting the statute of limitations as a defense obviates the need to address the issue as to whether the statute of limitations had expired prior to plaintiff's filing of its complaint."). Although the trial court did not explicitly reference estoppel in its ruling, it is well established that we may affirm the trial court for any reason apparent from the record. *Tummelson v. White*, 2015 IL App (4th) 150151, ¶¶ 25-26; see also *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 158 Ill. 2d 240, 251 (1994) (considering issue of estoppel even where it was not properly preserved by the parties).

¶ 18     The doctrine of promissory estoppel, as expressed in the Restatement (Second) of Contracts, is as follows: "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Restatement (Second) of Contracts § 90(1) (1981); see *Matthews v. Chicago Transit Authority*, 2016 IL 117638, ¶ 91 (acknowledging adoption of § 90(1) in Illinois). To establish promissory estoppel, a party must show that (1) the other party made an unambiguous promise to him; (2) he

relied on that promise; (3) his reliance was expected and foreseeable; and (4) his reliance worked to his detriment. *Newton Tractor Sales, Inc. v. Kubota Tractor Corp.*, 233 Ill. 2d 46, 51 (2009).

¶ 19　　All these elements are present here. Arrie promised not to seek child support from Eric, who relied on that promise and did not take legal action to vacate the VAP. Eric's reliance was both expected and foreseeable under the circumstances, particularly since Arrie initially followed through on her promise by dismissing her child support petition. Finally, Eric's reliance was detrimental, because it enabled the Department to file the present suit.

¶ 20　　In this regard, this case is analogous to cases where a defendant is equitably estopped from asserting the statute of limitations because she misrepresented or concealed material facts, and the plaintiff reasonably relied on her misrepresentations in forbearing from suit. See, *e.g.*, *Jackson Jordan*, 158 Ill. 2d at 251-53 (in legal malpractice suit, defendant firm was estopped from asserting statute of limitations where plaintiff's delay in bringing malpractice suit was induced by firm's actions, since "the client was lulled into a false sense of security by the firm's soothing reassurances and advice"); *Klancir v. BNSF Ry. Co.*, 2015 IL App (1st) 143437, ¶ 21 (equitable estoppel applies "where *** the defendant misled the plaintiff into filing outside the applicable statute of limitations"). Here, Eric was lulled into a false sense of security, not by a misrepresentation of material fact, but by Arrie's promise not to seek child support from him in the future. Under these circumstances, injustice can only be avoided by enforcement of Arrie's promise not to seek child support from him (Restatement (Second) of Contracts § 90(1) (1981)). Thus, the trial court acted properly in vacating the VAP and directing the Department to withdraw its child support petition.[2]

_____

[2] Notably, although the trial court did not reference estoppel by name, it based its judgment on its findings that Eric detrimentally relied on Arrie's promise not to seek child support for M.J., and that his reliance was reasonable under the circumstances.

¶ 21                                    CONCLUSION

¶ 22        For the foregoing reasons, we affirm the judgment of the trial court.

¶ 23        Affirmed.