2024 IL App (1st) 230985-U

THIRD DIVISION
September 25, 2024

No. 1-23-0985

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

## IN THE
## APPELLATE COURT OF ILLINOIS
## FIRST JUDICIAL DISTRICT

| | |
|---|---|
| ALLEN SMOCK, as Executor of the Estate of Ralph C. Smock, | ) Appeal from the<br>) Circuit Court of |
| Plaintiff-Appellant, | ) Cook County<br>) |
| v. | )<br>) |
| BNSF RAILWAY COMPANY, Individually and as Successor in interest to the Burlington Northern & Sante Fe Railway Company, Atchison Topeka & Sante Fe Railway Company, Chicago, Burlington and Quincy Railroad Company, Burlington Northern, Inc., and Burlington Northern Railroad Company, | ) No. 2020 L 05809<br>)<br>)<br>)<br>) Honorable<br>) Robert F. Harris, |
| Defendant-Appellee. | ) Judge, Presiding. |

JUSTICE D. B. WALKER delivered the judgment of the court.
Presiding Justice Lampkin and Justice Reyes concurred with the judgment.

## ORDER

¶ 1    *Held*: We affirm the trial court's dismissal of plaintiff's complaint.

¶ 2    Plaintiff Allen Smock, as executor of the Estate of Ralph C. Smock, appeals the trial court's order dismissing his Federal Employers' Liability Act (FELA) (45 U.S.C. § 51 *et seq.*) claim against defendant BNSF Railway Company (BNSF), as untimely. On appeal, plaintiff contends that dismissal was improper where BNSF waived its right to raise the statute of limitations defense.

Alternatively, plaintiff contends that the doctrine of equitable tolling permits the filing of his claim. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      Ralph Smock began working for the railroad company now known as BNSF in 1948. He was later diagnosed with occupation-related lung cancer and died on September 3, 2017. Plaintiff, Ralph's son and executor of his estate, filed a FELA claim against BNSF on June 16, 2020. Plaintiff alleged that BNSF breached its duty to provide Ralph with a reasonably safe workplace, to warn him of his exposure to toxic substances, and to provide him with protective equipment. Plaintiff alleged that as a proximate result of BNSF's breach, Ralph developed lung cancer resulting in his death.

¶ 5      On January 11, 2022, plaintiff filed a motion to voluntarily dismiss the action without prejudice pursuant to section 2-1009 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1009 (West 2022)). In the motion, plaintiff requested that the trial court dismiss the action "without prejudice with leave to re-file, as a matter of right, within one year of the date of the Order of Dismissal." An email to BNSF's counsel, with the motion attached, stated "[p]lease advise as to whether [BNSF] is **Opposed** to Plaintiff's motion." (Emphasis in original.) BNSF's counsel replied, "Defendant BNSF does not oppose the attached proposed motion."

¶ 6      The trial court granted the motion on January 12, 2022. In its order, the court stated that plaintiff's complaint "is voluntarily dismissed without prejudice and with leave to re-file, as a matter of right, within one (1) year."

¶ 7      On October 25, 2022, plaintiff refiled his FELA action. BNSF filed a motion to dismiss the action as untimely pursuant to section 2-619(a)(5) of the Code (735 ILCS 5/2-619(a)(5) (West 2022)). BNSF argued that plaintiff refiled the action more than three years after Ralph's death, in

violation of FELA. Plaintiff objected, arguing that BNSF waived the statute of limitations defense when it did not oppose his January 2022 motion to voluntarily dismiss the action without prejudice and to reserve the right to refile within one year.

¶ 8 The trial court found no "clear or very strong waiver" of BNSF's right to raise the limitations defense. The court also found *Klancir v. BNSF Railway Co.*, 2015 IL App (1st) 143437 controlling, and it granted the motion to dismiss.

¶ 9 Plaintiff filed this appeal.

¶ 10 II. ANALYSIS

¶ 11 The trial court granted BNSF's motion to dismiss under section 2-619(a)(5) of the Code. A section 2–619 motion to dismiss admits the legal sufficiency of the plaintiff's claim but asserts affirmative matter defeating the claim. *King v. First Capital Financial Services Corp.*, 215 Ill. 2d 1, 12 (2005). Affirmative matter includes an action that was not "commenced within the time limited by law." 735 ILCS 5/2–619(a)(5) (West 2022). When reviewing a section 2-619 motion, we accept as true all well-pleaded facts in the complaint and construe the pleadings and supporting documents in the light most favorable to the nonmoving party. *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 55. We review the trial court's dismissal pursuant to section 2-619 *de novo*. *Id*.

¶ 12 Pursuant to the statute, a FELA claim must be commenced "within three years from the day the cause of action accrued." 45 U.S.C. § 56. This limitations period is a " 'material element' " in the operation of the statute and is "designed to produce national uniformity." *Burnett v. New York Central Railroad Company*, 380 U.S. 424, 433 (1965), quoting *Engel v. Davenport*, 271 U.S. 33, 39 (1926). Furthermore, the provision does not incorporate state saving statutes. *Id*. at 432-33. Since the scope and length of time allowed vary considerably among state saving statutes, applying them in FELA cases "would produce nonuniform periods of limitation," thus undermining

legislative intent. *Id*. at 433. Plaintiff acknowledges that the three-year limitations period applied to his refiled FELA claim.

¶ 13    Plaintiff, however, contends that BNSF intentionally waived the statute of limitations defense when it did not oppose plaintiff's motion to voluntarily dismiss the action and reserve the right to refile within one year. " 'The right to invoke a statute-of-limitations defense can be expressly waived or waived by conduct inconsistent with an intent to enforce that right.' " *Klancir*, 2015 IL App (1st) 143437, ¶ 26, quoting *Hassebrock v. Ceja Corp*., 2015 IL App (5th) 140037, ¶ 38. A waiver, unlike equitable estoppel, is the voluntary relinquishment of a known right, claim or privilege. *Vaughn v. Speaker*, 126 Ill. 2d 150, 161 (1988).

¶ 14    As evidence that BNSF expressly waived its right to raise the statute of limitations defense, plaintiff points to the January 2022 unopposed motion to voluntarily dismiss his complaint. Plaintiff argues that the motion explicitly provided that the dismissal would be "without prejudice with leave to re-file, as a matter of right, within one year of the date of the Order of Dismissal." Plaintiff concludes that BNSF thus waived its "right to contest whether [plaintiff] may properly refile within a year." He contends that, by not opposing the motion, BNSF demonstrated an intent to waive its right to raise the limitations defense.

¶ 15    On this issue, we find *Klancir* instructive. In *Klancir*, the plaintiff was injured on January 6, 2009, while working for the defendant. *Id*. ¶ 1. The plaintiff filed a complaint pursuant to FELA on June 24, 2009. *Id*. Plaintiff's counsel later discussed voluntary dismissal of the plaintiff's FELA claim, without prejudice, because a key witness was unavailable, and counsel wanted to present the case "in a prescribed manner." *Klancir*, 2015 IL App (1st) 143437, ¶¶ 10-11. Defense counsel agreed to the proposal and the trial court asked the parties to prepare an order. *Id*. ¶ 11. On October 23, 2012, the trial court entered an order stating that "Plaintiff moves for a voluntary nonsuit,

without prejudice. Plaintiff's motion is granted without prejudice. Plaintiff may refile this cause within one year pursuant to statute." *Id*.

¶ 16    The plaintiff refiled his FELA claim on October 21, 2013. *Id*. The defendant filed a motion to dismiss, arguing that the limitations period for filing the FELA claim had expired and the Illinois saving statute did not apply. *Id*. ¶ 12. After the trial court granted the motion to dismiss, the plaintiff appealed. *Id*. ¶ 13.

¶ 17    On appeal, the appellate court noted that under section 13-217 of the Code (735 ILCS 5/13-217 (West 2012)), "plaintiffs who nonsuit cases [can] refile their cases within one year regardless of whether a limitation period set by Illinois statutes has expired." *Id*. ¶ 16. Therefore, the plaintiff "had an absolute right to take a nonsuit." *Id*. It found, however, that section 13-217 "tolls the statute of limitations only where the statute of limitations is set by Illinois law." *Id*. Since the limitations period in FELA cases is governed by federal law, section 13-217 did not protect the plaintiff's right to refile his claim after the three-year federal limitations period had expired. *Id*. ¶ 17.

¶ 18    The plaintiff, however, argued that he was misled by the defendant's agreement to allow him to refile the complaint within one year. *Id*. ¶ 18. He argued that by agreeing to the language in the dismissal order, the defendant, through its conduct, agreed it would waive the statute of limitations defense. *Id*. ¶ 25.

¶ 19    The appellate court disagreed, finding that in filing the motion to dismiss, the defendant "did not take a position inconsistent with" its prior agreement to allow the plaintiff to dismiss his complaint without prejudice. *Klancir*, 2015 IL App (1st) 143437, ¶ 32. Rather, the voluntary dismissal order merely stated established law that the plaintiff "had an absolute right to voluntarily dismiss the case without prejudice prior to trial," and the defendant simply agreed to language in the order reflecting that right. *Id*. The court held that the defendant "did not expressly agree to

waive his statute of limitations defense." *Id*. ¶ 34. Furthermore, the mere fact that the defendant agreed with the language in the dismissal order was not a " 'clear, unequivocal and decisive act' " indicating an intent to waive its right to assert the defense. *Id*. quoting *Ciers v. O.L. Schmidt Barge Lines, Inc.*, 285 Ill. App. 3d 1046, 1050 (1996). *Id*.

¶ 20 Although *Klancir* involved the doctrine of equitable estoppel, and plaintiff here does not claim estoppel, the core issue that required resolution in *Klancir* was the same. To determine whether the defendant misled the plaintiff, the *Klancir* court had to decide whether the defendant's agreement to an order that voluntarily dismissed the plaintiff's claim without prejudice, with a right to refile the claim in one year, manifested an intent to waive the defendant's right to raise a statute of limitations defense. The *Klancir* court found that it did not.

¶ 21 Like *Klancir*, we do not find that BNSF waived its right to assert the statute of limitations defense. By not objecting to plaintiff's motion to voluntarily dismiss the complaint, BNSF did not, as plaintiff suggests, "expressly stipulate[]" to the refiling of plaintiff's FELA claim within one year. Rather, BNSF did not oppose plaintiff's absolute right under Illinois law to voluntarily dismiss the complaint, and then refile it. Nor could it do so under Illinois law. See *Klancir*, 2015 IL App (1st) 143437, ¶ 32. However, BNSF's acquiescence to the motion did not mean it would also accept an untimely filed complaint. No language in the motion, the trial court's order, or the email exchange between the parties indicated BNSF's express intent to waive the FELA statute of limitations defense if and when plaintiff refiled his claim.

¶ 22 Alternatively, plaintiff contends that *Burnett* permits equitable tolling of the three-year limitations period in this case. In *Burnett*, the plaintiff, a resident of Kentucky, filed a FELA claim in an Ohio county court on March 13, 1963, for an injury he sustained in Indiana on March 17, 1960. *Burnett*, 380 U.S. at 424. In Ohio, venue is proper for actions against railroad companies in

the county of the plaintiff's residence or the county where the injury occurred. *Id*. at 425. Plaintiff therefore voluntarily dismissed the action in Ohio and eight days later, on June 12, 1963, he refiled it in federal court. *Id*. The federal district court, however, dismissed the action. *Id*. The court reasoned that the three-year FELA limitations provision barred the action, even though the plaintiff initiated the action in Ohio within the limitations period. *Id*.

¶ 23    On appeal, the United States Supreme Court recognized that the "policy of repose, designed to protect defendants, is frequently outweighed *** where the interests of justice require vindication of the plaintiff's rights." *Id*. at 428. As such, the limitations period has been tolled in cases where a defendant misled a plaintiff about when the cause of action accrued, or a war prevented a plaintiff from bringing suit. *Id*. at 428-29. The Court also noted that "[b]oth federal and state jurisdictions have recognized the unfairness of barring a plaintiff's action solely because a prior timely action is dismissed for improper venue after the applicable statute of limitations has run." *Id*. at 430. The Court thus concluded that "Congress did not intend the statute of limitations to bar a plaintiff who brings a timely FELA action in a state court of competent jurisdiction ***, whose action is later dismissed for improper venue." *Id*. at 432.

¶ 24    Significant to this appeal, the Supreme Court further found that the limitations period is not equitably tolled for an indefinite period. It held that the three-year FELA limitations provision "is tolled until the state court order dismissing the state action becomes final by the running of the time during which an appeal may be taken or the entry of a final judgment on appeal." *Id*. at 435. The Court reasoned that this rule "is fair to both plaintiff and defendant, carries out the purposes of the FELA, and best serves the policies of uniformity and certainty underlying the federal limitations provision." *Id*. at 436. The Court held that where the plaintiff had timely filed his FELA claim in an improper venue, and then refiled the claim in a proper venue "before his time for

appealing from the Ohio [dismissal] order had expired," his refiled claim was timely. *Id*.

¶ 25    In *Burnett*, the Supreme Court found equitable tolling appropriate where the cause was voluntarily dismissed due to improper venue. In this case, plaintiff did not voluntarily dismiss his claim based on venue so the equitable considerations in *Burnett* do not apply.

¶ 26    Even if *Burnett* applied here, a voluntary dismissal order in Illinois disposes of all pending matters before the trial court, thereby rendering all orders immediately final and appealable. *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 503 (1997). Pursuant to Illinois Supreme Court Rule 303(a)(1), "[t]he notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed, *** within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order." Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). Therefore, even if *Burnett* applied, plaintiff had to refile his FELA claim within 30 days of entry of the dismissal order.

¶ 27    Plaintiff's FELA claim was voluntarily dismissed on January 12, 2022, and he refiled his claim on October 25, 2022, well past the 30-day appeal period. Therefore, even if equitable tolling applied to plaintiff, his claim was untimely filed.

¶ 28                                    III. CONCLUSION

¶ 29    For the foregoing reasons, the judgment of the trial court is affirmed.

¶ 30    Affirmed.